STATE OF MISSOURI at the relation and to the use of FRANK W. BAIR, Collector of the Revenue of Jasper County, v. PRODUCERS GRAVEL COMPANY, a Corporation, E. T. PERKINS, Trustee, and J. H. SMITH, Defendants, B. C. AYLOR, Appellant.—111 S. W. (2d) 521.

Division One, December 14, 1937.

*Allen McReynolds, Geo. E. Phelps* and *W. E. Bailey* for appellant.

*A. H. Garner* for respondent.

BRADLEY. C.—The collector of Jasper County, on March 11 and 14, 1933, filed suit against the Producers Gravel Company, a corporation, and others, to enforce the lien for taxes against certain real estate. The abstract in one case only was filed, but the briefs cover both, and both cases were argued and submitted together.

Process was not issued when the suits were filed or at any other time. On February 19 and 20, 1935, one W. M. Jackson, purporting to be acting for the defendants, filed what is claimed to be a waiver of service and entry of appearance. February 21, 1935, judgment was entered in each case. January 18, 1936, special executions were issued, and the real property concerned was advertised for sale. February 17, 1936, B. C. Aylor, who claimed to own all the stock of the corporate defendant, filed motions to quash the respective executions and stay the sales. Upon filing the motions the sales were

"called off by plaintiff's attorney." These motions were overruled and Aylor appealed in both cases. We refer hereinafter to Aylor, the movant in the motions, as appellant. Also, hereinafter, we refer, in some instances, to the judgment, the motions, the suits, etc., in the singular.

The motion to quash the execution and stay the sale is based upon the contention that the tax judgment is wholly void for the reason that defendant was not *in court* when the judgment was rendered, and if defendant was in court, the judgment is void nevertheless, because the proviso of Section 9962b, Laws 1933, page 444, of the Jones-Munger Law, is unconstitutional. It is contended (1) that said proviso delegates legislative power to collectors, contrary to Article III, and Section 1, Article IV, of the Constitution; (2) that the proviso permitting collectors to proceed at their discretion as to suits instituted, but not merged in judgment at the effective date of the act, either under the law before repeal. or under the new act, was, in effect, the revival or reenactment of the old law as to procedure to enforce a lien for taxes, contrary to Section 33, Article IV, of the Constitution, providing that "no act shall be revived or reenacted by mere references to the title thereof, but the same shall be set forth at length, as if it were an original act;" (3) that such alternative procedure permitted by the proviso would permit lack of uniformity in the various counties in enforcing tax liens, contrary to Sections 3 and 4, Article X of the Constitution; (4) that the proviso is void because in violation of the equal protection clause of Section 1 of the Fourteenth Amendment, Federal Constitution; and (5) that the proviso should be held void, because contrary to the purview and intent of the whole act, and particularly, it is claimed, that the proviso is inconsistent with the first sentence in Section 9962b.

█ Were defendants *in court?* The contention that defendants were not in court when the judgment was rendered is based on two grounds, viz.: That since no process was issued by the clerk, the suits were never commenced; and that if commenced, the claimed waiver of process and entry of appearance was not sufficient to put defendants in court. The suits, as stated, were filed respectively on March 11 and 14, 1933, and no process was issued then or at any time. There is nothing in the *record* to show that the clerk, when the suits were filed, or at any time, was directed not to issue summons. Construing what is now Section 724, Revised Statutes 1929 (Mo. Stat. Ann., sec. 724, p. 940), relating to the commencement of suits, "it has been held that an action is begun in a court of record when the petition is filed. This, even though summons may not thereafter be issued until the action is barred." [State ex rel. Evans v. Broaddus et al., 245 Mo. 123, 1. c. 137, 149 S. W..473. See, also, State ex

rel. Brown v. Wilson, 216 Mo. 215, 1. c. 292, 115 S. W. 549; Merchants Savings & Loan Assn. v. Ancona Realty Co., 229 Mo. App. 714, 1. c. 719, 78 S. W. (2d) 470.] Under the facts here, we think the tax suits were *commenced* when the petitions were filed.

■ Was the claimed entry of appearance sufficient to put defendant in court? This document is as follows:

"WAIVER

"Comes now the Producers Gravel Company, E. T. Perkins, trustee and J. H. Smith, defendants in the above styled cause, by their agent, . . . and voluntarily enters their appearance in the above entitled cause, waiving the necessity of service of summons, for and in behalf of said corporation, and voluntarily enters their appearance and asks the Court to hear and determine the issues at any time convenient to the Court.

"Producers Gravel Company
"By W. M. Jackson
Agent.
"E. T. Perkins
"By W. M. Jackson
Trustee.
"J. H. Smith
"By W. M. Jackson
Agent."

We do not think that the question of defendant being in court is an issue. The motion to quash is a collateral attack upon the validity of the judgment. [Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S. W. 43.] The judgment recites that "defendants have heretofore entered their appearance and *filed answer herein*" (italics ours). The judgment imports absolute verity in this collateral attack upon its validity. [State ex rel. Spratley v. Maries County, 339 Mo. 577, 98 S. W. (2d) 623.] If answer was filed, and the judgment says it was, then the presumption is that it was properly filed. "The record of an appearance is sufficient where it shows that an answer was filed." [4 C. J., p. 1327, sec. 20. See, also, Fleming v. McCall (Mo. App.), 35 S. W. (2d) 60.]

■ It is also claimed that the corporate defendant was dissolved as a corporation before judgment was entered, but there is nothing in the *record* to so show.

■ An execution based on a void judgment is a nullity (Burr & Co. v. Mathers & Co., 51 Mo. App. 470, 1. c. 476), and if the judgment is void, then the exccution should have been quashed. The Jones-Munger Law (Laws 1933, p. 425-449) had no emergency clause and went into effect July 24, 1933. Section 9962b (Laws 1933, p. 444) is as follows:

"All lots, tracts and parcels of land upon which taxes assessed or

levied prior to the taking effect of this act remain due and unpaid at the date when such taxes would have become delinquent as provided in the act under which they were assessed and levied, and which taxes are not merged in judgment prior to the effective date of this act, shall be deemed to be delinquent under the provision of this act, and the same proceedings shall be had to enforce the payment of such unpaid taxes, with interest, penalty and costs, and payment enforced and liens foreclosed under and by virtue of the provisions of this act and the same rights of redemption shall attach. For the purposes of foreclosure under this act, the date of delinquency shall be construed to mean the date when the taxes first became delinquent; *provided however*, that nothing herein contained shall be construed to affect the right of the county collector to proceed to final judgment and foreclosure for taxes upon which suit had been instituted prior to the effective date of this act, but not in final judgment, nor to prejudice the rights of collection of any costs or commissions attaching in such cases which were valid under the tax law existing at the time of institution of such suits. As to taxes merged in judgment at the effective date of this act the foreclosure of the tax lien and proceedings relative thereto shall be had under the provisions of the law as such law existed prior to the passage of this act, and as to suits for delinquent taxes instituted, but not merged in judgment, at the effective date of this act the collector shall have the right to proceed to final judgment and foreclosure of the tax lien under the provisions of the law as it existed prior to the passage of this act, or such collector may, in his discretion, dismiss such suits and proceed to foreclosure of the tax lien under the provisions of this act, subject to the preservation of rights to all valid costs and commissions that may have already attached in such character of suits under the law as it existed prior to the passage of this act.''

To support the contention that the proviso delegates legislative power to the collectors appellant relies principally on State v. Fields, 17 Mo. 529. Other cases are cited, but we do not regard them as to the point.

In the Fields case a statute was held invalid, which authorized county courts to suspend the provisions of a general statute within their counties. Collectors by the proviso of Section 9962b are not authorized to suspend or nullify any part of the act. The proviso says in effect that nothing in the whole act shall be construed to affect the right of county collectors (1) to proceed to final judgment and foreclosure for taxes upon which suit had been instituted before the act became effective, but not in final judgment; (2) that the act should not be construed to prejudice the right of collection of any costs or commissions attaching in such cases which were valid under the law existing at the time of the institution of such suits; (3) that

as to taxes merged in judgment at the effective date of the act, the foreclosure of the lien and proceedings relative thereto shall be under the law as such existed prior to the passage of the act; (4) that as to suits for delinquent taxes *instituted*, but not merged in judgment, at the effective date of the act, the collector shall have the right to proceed to final judgment and foreclosure of the lien under the provisions of the law as it existed prior to the passage of the act; or (5) the collector may in his discretion, dismiss such suits and proceed under the act to enforce the tax lien.

The present case falls under division 4 as we have stated the substance of the proviso. That is, the tax suit here in question was already *instituted* at the effective date of the act, but had not gone to judgment. In this situation the proviso says that the collector "shall have the right to proceed to final judgment," etc., or he may, in his discretion, dismiss, etc. If we read the law correctly, the "rights" of the collector mentioned in the proviso as to proceeding under the prior law in suits already instituted and not in judgment at the effective date of the act, were rights the collector had without the proviso.

Section 658, Revised Statutes 1929, (Mo. State Ann., sec. 658, p. 4910), provides, ". . . nor shall any law repealing any former law, clause or provision be construed to abate, annul or in anywise affect any proceedings had or commenced under or by virtue of the law so repealed, but the same shall be as effectual and be proceeded on to final judgment and termination as if the repealing law had not passed, unless it be otherwise expressly provided." What is now Section 658 was passed in 1822, Revised Statutes of 1825, page 492, and has remained without change.

Also, Section 660, Revised Statutes 1929 (Mo. Stat. Ann., p. 4912), is pertinent. This section is as follows: "The repeal of any statutory provision shall not affect any act done or right accrued or established in any proceedings, suit or prosecution, had or commenced in any civil case previous to the time when such repeal shall take effect; but every such act, right and proceeding shall remain as valid and effectual as if the provisions so repealed had remained in force."

In State ex rel. Wayne County v. Hackman, 272 Mo. 600, l. c. 609, 199 S. W. 990, the purpose of what are now Sections 658 and 660, was considered, and it was there said that the general nature of these sections "authorizes the conclusion that they were intended to continue in force repealed laws until proceedings commenced thereunder, regardless of their nature, might be completed."

We find no support in any case for the contention that the proviso of Section 9962b delegates any legislative power to collectors.

Our ruling, supra, we think, disposes of appellant's second contention.

■ The third contention is that the alternative procedure permitted by the proviso as to the enforcement of tax liens in suits pending when the new law became effective, would permit lack of uniformity in the various counties in enforcing tax liens, contrary to Sections 3 and 4, Article X of the Constitution. Section 3 of Article X is:

Section 3. "Taxes may be levied and collected for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws."

Section 4 of Article X provides that "all property subject to taxation shall be taxed in proportion to its value." The remainder of Section 4 concerns motor vehicles and road bonds, added by the Amendment of 1922. Appellant cites State ex rel. Tompkins v. Shipman, 290 Mo. 65, 234 S. W. 60, as supporting his third contention. That case involved questions of taxation in proportion to value, and the right of the Legislature to increase the list of tax exemptions. No such questions are involved in the present case. Clearly there is nothing in Sections 3 and 4, Article X of the Constitution to support appellant's third contention.

■ The fourth contention is that the proviso is void because in violation of the equal protection clause of Section 1 of the Fourteenth Amendment, Federal Constitution. Section 1 of the Fourteenth Amendment so far as pertinent here, provides that "no State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." We may illustrate as follows: Tax suits are pending at the effective date of the Jones-Munger Law against A and B. The collector dismisses the suit against A and proceeds to enforce the tax lien against A's land under the Jones-Munger Law. He does not dismiss the suit against B, but proceeds in the suit against B under the repealed law. The question then is: Is the proviso of Section 9962b void under the equal protection clause of Section 1 of the Fourteenth Amendment, because it authorizes a collector to so proceed?

As we view the question the proviso does no more than to permit the tax lien against A's land to be enforced in one forum, while as to B's land, the lien is enforced in another. In Cincinnati St. Ry. Co. v. Snell, 193 U. S. 36, 24 Sup. Ct. 319, 48 L. Ed. 604, it was contended that equal protection under the Fourteenth Amendment was denied "because the State has allowed one person to seek one forum and has not allowed another person, asserted to be in the same class, to seek the same forum, although as to both persons the law has afforded a forum in which the same and equal laws are applicable and administered." Ruling this contention the court said: "But it is fundamental rights which the Fourteenth Amendment safeguards and not

the mere forum which a State may see proper to designate for the enforcement and protection of such rights. Given, therefore, a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the State has deemed best to provide for a trial in one form or another. It is not, under any view, the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail.''

Another question always pertinent to the solution of questions like the one in hand, is: Does the law, or course of procedure in question operate alike on all questions in the same class? The unbroken rule is that if the law or course of procedure in question does operate alike on all in the same class, then the equal protection clause of Section 1 of the Fourteenth Amendment is not violated. [Tinsley v. Anderson, 171 U. S. 101, 18 Sup. Ct. 805, 43 L. Ed. 91; Williams v. Arkansas, 217 U. S. 79, 30 Sup. Ct. 493, 54 L. Ed. 673, 18 Ann. Cas. 865; Field v. Barber Asphalt Co., 194 U. S. 618, 24 Sup. Ct. 784, 48 L. Ed. 1142; State ex rel. Applegate v. Taylor, 224 Mo. 393, 123 S. W. 892; State ex inf. Hadley v. Standard Oil Co., 218 Mo. 1, 116 S. W. 902; 224 U. S. 270, 32 Sup. Ct. 406, 56 L. Ed. 760, Ann. Cas. 1913D, 936; Stone v. City of Jefferson, 317 Mo. 1, 293 S. W. 780.]

In the illustration given above, it is clear that as to all persons in A's class after dismissal, the procedure to enforce the tax lien would be the same, and that the procedure as to all persons in B's class would be the same. This being so, the equal protection clause of Section 1 of the Fourteenth Amendment is not violated.

[8] The fifth contention is that the proviso of Section 9962b should be held void because, under the accepted rules of statutory construction, it ''is contrary to the purview and intent of the act, as expressed by the sections before and after 9962b, and particularly inconsistent with the first sentence in Section 9962b.''

The first sentence of Section 9962b is: ''All lots, tracts and parcels of land upon which taxes assessed or levied prior to the taking effect of this act remain due and unpaid at the date when such taxes would have become delinquent as provided in the act under which they were assessed and levied, and which taxes are not merged in judgment prior to the effective date of this act, shall be deemed to be delinquent under the provisions of this act, and the same proceedings shall be had to enforce the payment of such unpaid taxes, with interest, penalty and costs, and payment enforced and liens foreclosed under and by virtue of the provisions of this act and the same rights or redemption shall attach.''

''The terms of a proviso limit the general terms of the broad act

and it can make no difference as to the force and effect of a proviso, whether its purpose is to limit the terms of a statute which grants rights, or whether it limits the powers of a statute which restricts rights." [Reagan v. County Court et al., 226 Mo. 79, l. c. 89, 125 S. W. 1140.] In Brown v. Patterson, 224 Mo. 639, l. c. 658, 124 S. W. 1, where the subject, *proviso,* is discussed, it is stated that the office of a proviso in a legislative enactment is to "restrict the general language preceding it."

In Castilo et al. v. State Highway Commission, 312 Mo. 244, 279 S. W. 673, there was a question similar to the one here. In that case the court said (312 Mo. 244, 279 S. W. l. c. 677, 678): "As the first provision of Section 29 (Laws 1921, Extra Session, p. 145) in effect limits or restricts the rights of the Highway Commission in laying out the routes, so the proviso, which is the later legislative expression, modifies the restriction, and consequently enlarges the power of the commission. [Reagan v. County Court, supra.] It is no valid objection that the proviso conflicts in part with the enactment which precedes it. Such is the very purpose and function of a proviso, and, when the restriction laid in the main part of the act is lifted by the proviso, the whole act must be read as though the restriction never existed as to the matter covered by the proviso." There is no merit to appellant's fifth contention.

The judgment in each of the cases appealed and numbered here as 35,024 and 35,025 should be affirmed, and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.