THE CITY OF ST. JOSEPH, Appellant, v. O'DONOGHUE, Respondent.

1. As to the constitutional validity of the act authorizing the City of St. Joseph to improve streets at the expense of adjoining property owners. (Sess. Acts, 1856–7, p. 249.)

*Appeal from Buchanan Court of Common Pleas.*

*Hall*, for appellant.

*Loan*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

This case involves the same question which was determined by this court in the case of the City of St. Joseph v. Anthony, 30 Mo. p. 537, and in the case of the Inhabitants of Palmyra v. Morton, 25 Mo. 593, and the decisions rest upon the same principle recognized by this court in the case of the Egyptian Levee Co. v. Hardin, 27 Mo. 495.

From the number of cases of this character coming up from the court of common pleas of Buchanan county, as well as from the nature of the arguments urged in support of the unconstitutionality of the act of the legislature of November 21, 1857, giving the corporation of the City of St. Joseph power to macadamize the streets of that city, it may be conjectured that the corporate authorities of that place have exercised the authority entrusted to them in a manner and to an extent which has occasioned hardships and perhaps injus-

tice. Improvements have been pushed beyond the demands of the citizens and beyond their abilities, and streets have been paved at an expense disproportioned to the value of the adjacent lots. The mistake is in supposing that the judicial department of the state has the power to remedy or remove these grievances. The evil, if any, arises from unguarded legislation, entrusting to a corporation, without proper restrictions, powers which are liable to great abuse. When such laws are carefully restricted, so as to prevent extravagant improvements, by requiring the consent of the persons interested, such complaints are avoided; but when improvements are forced upon the outskirts of a city, and streets are paved at a heavy expense, with lots on either side, destitute of houses, disastrous results must be expected, especially when a sudden change of times gives a check to speculation.

But how are the courts to remedy these evils? They have no guide but the enactments of the legislature; they have nothing to do with the expediency or policy of such legislation. If the constitution has been violated, they can interpose; but there is no provision of the constitution restricting these local assessments, no provision which guards against combinations between property holders at the centre of business and voters without property scattered throughout the city, to improve outside lot holders out of their estates. It may be that the law itself has been abused; that it has been perverted from its true meaning, and if this be so, the courts may afford a remedy. It may be that the tax levied exceeds the value of the lot proposed to be benefitted, and that such assessments are not within the purview of the power granted to the corporation. But no such point is presented by this case. The plaintiff offered in evidence the act of the legislature, the court excluded it as unconstitutional, and there the case ended. The mere possibility of abuse does not make a law unconstitutional, and if the case was one not within the true and proper meaning of the law, the facts should have appeared; but in this case the law is declared

invalid on its face. No facts appear, and the hardships and injustice, of which we are told in the brief, are altogether hypothetical, and may be, for aught we know, wholly imaginary. Judgment reversed and case remanded. The other judges concur.