# SUPREME COURT

OF THE

## STATE OF MISSOURI,

AT THE

APRIL TERM, 1927.

ANNA STONE, Appellant, v. CITY OF JEFFERSON ET AL. 293 S. W. 780.

Court en Banc, April 28, 1927.

1. STREET IMPROVEMENT: Without Right of Protest: Valid Statute. Section 8325, Revised Statutes 1919, authorizing the city council to cause a street to be paved for a distance of twelve hundred feet so as to connect at both ends with other paved streets, without opportunity of abutting property owners to file a protest, except that the resolution authorizing the improvement shall be published and shall state that any person may appear before the council at a time stated therein and be heard on the question of the necessity of the improvement, is a valid statute, and its denial of a right to file a formal protest does not affect its validity.

2. ———: ———: Granted by Other Statute. The fact that the right to protest or make formal objection to a paving ordinance, where the paving of an alley or the roadway part of a street is involved, is granted by one section of the city charter, does not affect the validity of another section denying the right, where the improvement is limited to twelve hundred feet of the roadway of a street connecting at both ends with other paved streets, unless the denial deprives abutting property owners of some substantial right.

3. ———: Consent of Property Owners. The general rule is that the consent of abutting property owners is not a precedent condition to the opening or improvement of a street unless expressly made so by statute, charter or ordinance.

4. ———: ———: Reason for Rule: Benefits. The reason that the consent of abutting property owners is not a necessary precedent condition to the city's authority to improve a street, unless expressly guaranteed by statute, charter or ordinance, is that local assessments against the property to pay

(1)

317 Mo.

for the improvements are not regarded as burdens, but as an equivalent or compensation for the enhanced value of the property produced by the improvement. And for the same reason the right to protest is not essential.

5. ———: **Protest: Property Right.** A protest to a street improvement is but a statutory privilege, and partakes in its nature of none of the essentials of an inherent right. To deny the right of protest to the owner of the property abutting on the street to be improved does not deprive him of the right to acquire, hold, enjoy or dispose of the property.

6. ———: ———: **Right to Be Heard: Due Process.** In view of the wording of the statute, authorizing the city to pave the roadway of a street for a distance of twelve hundred feet so as to connect with other improved streets at both ends, whenever the council shall declare such work to be necessary, "except that no protest shall be filed," and requiring the resolution to be published and to "state the fact that any person desiring to do so may appear before the council at a time stated therein and be heard upon the necessity of the work sought to be done, and if anyone does appear he shall be heard," thus providing for both notice and a hearing, a contention that such statute denies to any one due process of law is without merit.

7. ———: ———: **Equal Protection.** Because a statute may be special in character, or some persons may derive special benefits from its operation, it does not deny the equal protection of the law guaranteed by the U. S. Constitution, if all persons within its purview are subjected to like conditions.

8. ———: **Injunction: Cloud on Title.** The law affords the abutting property owner ample opportunity in a suit on the tax bill to interpose the defense that the statute authorizing the street improvement is invalid.

9. ———: ———: **Compliance with Statute.** The Legislature may, under the Constitution, empower a city to improve its streets at the expense of the adjoining property owners, with or without a petition, hearing or protest, and a proceeding, in full compliance with a valid statute and in the absence of all irregularity, and in which notice of the improvement was given and a hearing was afforded to the plaintiff, cannot be enjoined.

Corpus Juris-Cyc. References: **Constitutional Law,** 12 C. J., Section 459, p. 945, n. 24; Section 878, p. 1145, n. 6. **Equity,** 21 C. J., Section 14, p. 35, n. 15. **Municipal Corporations,** 44 C. J., Section 2348, p. 199, n. 7; Section 2416, p. 254, n. 69, 70; Section 2478, p. 316, n. 17.

Appeal from Cole Circuit Court.—*Hon Henry J. Westhues,*

AFFIRMED.

*Dumm & Cook* for appellant.

(1) The Legislature has no authority to delegate to cities of the third class the right to order improvements of streets without giving the property owners affected the right to protest such improvements, in the manner provided for in Sec. 8324, R. S. 1919. (2) Sec. 8325, R. S. 1919, provides that when the council deems it necessary to pave the roadway of any street for a distance of not more than 1200 feet in length so as to connect at both ends with paving, the

council may proceed as provided in Section 8324, except that no protest may be filed. It obviously follows that, if the Legislature has the authority to say that a city of the third class may improve a street not more than 1200 feet in length, connecting at both ends with improved streets, it has the authority to lengthen the distance of 1200 feet to 12,000 feet or from one end of its city limits to the other, and bar the property owners abutting the improvement the right of protest. If this is true, the only material difference between Section 8324 as it now stands, and Section 8325 as it might be amended, is that in Section 8324 the property owners have the right of protest, and in Section 8325 the property owners have no right of protest. Such a situation would, for all practical purposes, nullify Section 8324 and give councils of cities of the third class the opportunity to run rampant over the property owners of such cities. Such a situation might easily lead to confiscation of property by the building of expensive streets and avenues through poorly located property, or by the opening of new streets that would necessitate great fills and deep cuts. Such a practice would, in many instances, force the abutting property owners to surrender their property rather than be burdened by the tax bills issued in payment of the work. (3) This controversy resolves itself into two questions; first, have property owners the inherent right to protest street improvements, second, if property owners have not this right, can cities of the third class operate under different sections of the statute, one of which gives the property owner the right of protest and the other which denies them that right? If property owners have the inherent right to protest, then Section 8325 R. S. 1919, cannot stand, for the reason that this section specifically provides that no protest may be filed. If property owners have not the inherent right of protest, but this right is only given them through the grace of the Legislature, then the question becomes complicated. Cities of the third class would have the right to operate under separate and distinct laws, which can easily be made identical, except that one prohibits the right of protest, and the other gives the property owner that right. (4) The reports are full of cases that hold that where the right of protest is given, the law must be strictly complied with on this point. The text books state the same thing. (5) The power to levy special assessments in general is not founded on the police power of the state. C. R. I. & P. Railroad v. Ottumwa, 112 Iowa, 300, 51 L. R. A. 763. (6) Neither Section 8325, under which this improvement was authorized, nor the ordinances of the City of Jefferson, make the slightest provision for giving the right of protest to the owners of the assessed property, from beginning to end. The entire proceedings, beginning with the statute act and ending with the imposition of a lien upon the property, is purely *ex parte*. No opportunity,

whatever, is given to resist the exaction (unless it be the useless formality of notice to appear and object), or providing for an appeal to a court of law afterwards.   The first process really served upon the citizen is a peremptory demand for the payment of the burdensome lien imposed by a municipal corporation without the right of protest, and without even an opportunity to appeal.   If this be "due process of law," the provisions of our constitution are meaningless and void.

*James T. Blair, Jr.*, for respondents.

(1)   The right of protest is a "statutory privilege" and not an "inherent right."   The Legislature can provide for the city council to order paving without any petition or hearing.   Washburn v. Chicago, 198 Ill. 506; Parsons v. Grand Rapids, 141 Mich. 467; Chicago v. Basett, 238 Ill. 412; State v. Jersey City, 48 N. J. L. 429; Buchan v. Broadwell, 88 Mo. 31; Palmyra v. Morton, 24 Mo. 593; Egyptian Levee Co. v. Hardin, 27 Mo. 495; St. Joseph v. O'Donoghue, 31 Mo. 345; Lockwood v. St. Louis, 24 Mo. 21; St. Louis v. Clemen, 36 Mo. 467; Railroad v. St. Louis, 66 Mo. 228; Farrar v. St. Louis, 70 Mo. 379; City of St. Louis v. O'Eters, 36 Mo. 462.   (2)· The Legislature may delegate the power of levying special assessments and may delegate power to pursue the same method of imposing special assessments as is used in imposing taxes for general revenue without violating "due process of law" provision of the Constitution. Spencer v. Merchants, 125 U. S. 345.   (3)   Section 8325, R. S. 1919, provides "notice" and "hearing" thereby complying with the holdings of the courts with regard to the "due process' clause of the Constitution.   Sec. 8325, R. S. 1919; Rusk v. Thompson, 156 S. W. 64; Smith v. State Medical Examiners, 140 Iowa, 66; Bennett v. David, 90 Me. 105; People v. Applebaum, 251 Ill. 18.   (4)   Right of appeal is not essential to "due process" of the law.   Reetz v. Michigan, 188 U. S. 505; Public Clearing House v. Coyne, 194 U. S. 497.

WALKER, J.—Anna Stone, a property owner on Locust Street, in the City of Jefferson, brought suit in the Circuit Court of Cole County against the said city and its mayor and a construction company to restrain the city from entering into a contract with the construction company for the improvement of Locust Street under the provisions of Section 8325, Revised Statutes 1919.   A temporary restraining order was issued by the Circuit Clerk.

The answer admits the formal allegations of the petition; that an ordinance was passed for the improvement of Locust Street, and that subsequent proceedings were had by the city council for the letting of the contract for said improvements and that a bid for the making

of same was entered into with the Pope Construction Company, one of the defendants herein, and that all of said proceedings were had under and in conformity with the provisions of Section 8325, Revised Statutes 1919. Further answering it denied the illegality of said section, and that a compliance with its provisions will not cast a cloud upon plaintiff's title or deprive her of her property without due process of law and that said section is not contrary to pre-existing laws relating to street improvements, but that a compliance with its provisions and the ordinances of said city enacted in conformity therewith constitute a lawful exercise of its municipal authority. Thereafter the defendants filed a motion to dissolve the restraining order, which was by the court sustained and the order was dissolved. From this ruling the plaintiff has appealed.

The formal actions of the city council are admitted to have been in conformity with the ordinances of said city and the laws of the State.

Plaintiff's sole contention is that Section 8325, Revised Statutes 1919, is unconstitutional and void, and in violation of Section 30 of Article 2 of the Constitution of the State of Missouri, in that it attempts to authorize the taxing and taking of plaintiff's property without due process of law; and is contrary to existing law in regard to street improvements; and that the acts of the City of Jefferson, its officers and agents in providing for said improvement of Locust Street are illegal, and will cast a cloud upon the title to plaintiff's real estate with a pretended lien thereon for said street improvement, as stated in her petition.

Section 8325 is as follows:

"When the council of any city of the third class shall deem it necessary to pave, macadamize, gutter, curb, grade or otherwise improve the roadway of any street or avenue for a distance not more than twelve hundred feet in length so as to connect at both ends with paving, macadamizing, guttering, curbing, grading or other improvements either on the same street or avenue or on other streets and avenues, or on the same street or avenue and another street or avenue, the council shall declare such work to be necessary to be done and shall cause the same proceedings to be had as are provided in Section 8324, except that no protest may be filed. The resolution passed and published shall state the fact that anyone desiring to do so may appear before the council at a time stated therein and be heard on the question of the necessity of the work sought to be done, and if anyone does so appear he shall be heard, and the council shall by resolution state the result of such hearing to be a re-affirmance of the necessity for the doing of such work or the contrary, as the council may then decide. If no one appears, or if the council re-affirms the necessity of the doing of such work and improvement, then it

shall proceed with such work and improvement in the manner as in Article IV of this chapter provided for such work and improvement when no sufficient protest against such improvement is filed within the time limited therefor." [Laws 1917, p. 374.]

The contention of the plaintiff is that the Legislature was without authority to delegate to cities of the third class, of which the City of Jefferson is one, the right to order the improvement of streets without giving the property owners affected the right to protest against such improvements as is provided in Section 8324, Revised Statutes 1919.

I.   A protest, as the term is used in the statute, is simply a right granted to a party interested to make formal objection to the proposed action of a city council in the improvement of a street. This right is granted in Section 8324, where the paving of an alley or the roadway part of a street is involved, but is denied in Section 8325, where the improvement of the roadway of a street is limited to twelve hundred feet whose termini are paved, guttered or graded. It is this denial of which the plaintiff complains. That a protest is granted in the one instance and is denied in the other will not affect the validity of the statute, unless it deprive the abutting property owner of some substantial right. The general rule is that the consent or the right of petition of property owners is not a condition precedent to the opening or improvement of streets unless expressly made so by statute, charter or ordinance. The reason for this rule lies in the fact that local assessments for improvements are not regarded as burdens but as an equivalent or compensation for the enhanced value the property derives from the improvement. [City of St. Louis v. Allen, 53 Mo. l. c. 54; Sheehan v. Good Samaritan Hosp., 50 Mo. l. c. 158 and cases; Lockwood v. St. Louis, 24 Mo. l. c. 22.]

The case of Buchan v. Broadwell, 88 Mo. l. c. 36, furnishes an illustration of the application of this rule. In that case, which involved the validity of certain special tax bills, it was contended *inter alia* by the non-resident property owners that they had been discriminated against in that the improvement had been ordered by the common council on the petition of resident owners alone of Kansas City. In disposing of this contention NORTON, J., in his usual terse manner, said, in effect, that there was nothing in the constitutional objection made by the non-resident property owners that they were being discriminated against by the charter which provided that the common council (on the petition of residents of Kansas City) was authorized to order the work to be done at the expense of the property owners. "When it is done," said the court, "the same rule of assessment applies to all of the property whether owned by residents

*Protest.* (margin)

or non-residents. The Legislature in the exercise of its paramount control of the State could have authorized the council to have ordered the grading of the street at the expense of the property owners without any petition.'' [Railroad v. City of St. Louis, 66 Mo. 228; Farrar v. City of St. Louis, 80 Mo. 379.] The Supreme Court of the United States, in Field v. Barber Asphalt Co., 194 U. S. l. c. 622, in affirming the ruling in the Buchan case, said that ''it was within the power of the Legislature to authorize a city council to order street improvements to be made without consulting the property owners.''

In the Farrar case, supra, the doctrine is reiterated that in special assessments for street improvements the property is taxed with reference to the benefits derived from the improvement. In other words it is a tax on the benefits rather than on the property. By parity of reasoning, if improvements of this character can be made, as we have held, without petition, then the preliminary and less effective resort to protest is not an essential to the legality of the proceeding.

II.   The nature of a protest, as used in the statutes under review, is a matter of moment in determining whether there is merit in the plaintiff's contentions. At most a protest is but a statutory privilege

**Protest: Property Right.** and partakes in its nature of none of the essentials of an inherent right. It is perhaps more tedious than difficult to enumerate what these fundamental rights are. One of them, as the courts have frequently held, is the right to acquire, hold, enjoy and dispose of property, real or personal. [Corfield v. Cornell, 4 Wash. 371; Slaughterhouse cases, 16 Wall. 75; Butchers' Union Co. v. Crescent City Co., 111 U. S. 746; Blake v. McClung, 172 U. S. 239.] No right of this character is violated in depriving the plaintiff of the privilege of protest in this proceeding.

Although not entitled to the exercise of the privilege claimed on the ground that it does not involve an inherent or inalienable right the futility of the plaintiff's contention is further demonstrated by the

**Due Process.** provisions of Section 8325, which, in notifying the public of the proposed action of the council, states that ''anyone desiring to do so may appear and that he shall be heard and the council shall state the result of such hearing.'' In thus providing for a notice and a hearing, both of which the plaintiff has enjoyed, her contention as to a denial of due process of law is without merit. As we said in Gardner v. Robertson, 208 Mo. l. c. 610, 106 S. W. 646: ''Notice is the essence of due process of law.''

III.   It is further contended that Section 8325 does not afford the plaintiff that equal protection of the law guaranteed by the Federal Constitution. A statute does not conflict with this guaranty because

it may be special in character or that certain persons may derive

**Equal Protection.** special benefits from its operation, if all persons within its purview are subjected to like conditions. [Bowman v. Virginia State Entomologist, 12 A. L. R. 1121; Virginia Development Co. v. Crozer Iron Co., 90 Va. 1. c. 128-129, 44 Am. St. 893; Barbier v. Connolly, 113 U. S. 27, 28 L. Ed. 923, 5 Sup. Ct. Rep. 357; Strawberry Hill Land Corp. v. Starbuck, 97 S. E. 363.] The sole ground upon which this contention is based is that the plaintiff was not afforded the right of protest. We have shown that this is not an inherent right, but a mere privilege, the granting of which is vested in legislative discretion. That discretion not having been exercised the plaintiff has no ground of complaint.

IV. The right to resort to equity for judicial relief is authorized, as the texts tell us when the law, by reason of its universality, does not afford a remedy. The law, however, afforded the plaintiff ample

**Injunction.** opportunity to interpose any defense to which she may contend she was entitled when suits are brought on the tax bills. The trial court therefore did not err in dissolving the temporary restraining order.

It may be admitted that the imposition of this tax for improvements will place a lien upon the plaintiff's property in so far as all taxes are liens on the property assessed, but it is such a lien as the council is authorized to impose under the power delegated by the Legislature. This manner of taxation has met with the approval of this court too often to require the citation of authorities to attest its correctness.

V. While this court has frequently held that the Legislature may, under the Constitution, empower a municipality to improve its streets at the expense of the adjoining property owners with or without a

**Compliance with Statute.** petition, hearing or protest (Palmyra v. Morton, 25 Mo. 593, 1. c. 597; Egyptian Levee Co. v. Hardin, 27 Mo. 495; St. Joseph v. O'Donoghue, 31 Mo. 345; Railroad v. City of St. Louis, 66 Mo. 228; Farrar v. City of St. Louis, 80 Mo. 379; City of St. Louis v. O'Eters, 36 Mo. 461, 1. c. 462), a proceeding, as at bar, where notice and a hearing was given, cannot, in the absence of any irregularity in the required procedure, be subject to valid objection.

The judgment of the circuit court is therefore affirmed. All concur.