## BEACON LUMBER CO. v. BROWN.
(No. 1029—5211.)

Commission of Appeals of Texas, Section B.
March 20, 1929.

B. B. Thomson and Thomson, Dilworth & Marshall, all of San Antonio, for plaintiff in error.

Bell & Bell, of San Antonio, for defendant in error.

LEDDY, J. The record in this case properly presents the question whether article 3992 of the Revised Civil Statutes 1925 is violative of article 14, § 1, of the Constitution of the United States, and article 1, §§ 13 and 19, of the Constitution of the State of Texas, because it attempts to allow an appeal to the Court of Civil Appeals in forcible detainer suits to an unsuccessful defendant, but denies such appeal to an unsuccessful plaintiff.

The statute in question reads as follows: "The judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding $100."

 The law is settled that an appeal is not essential to due process of law but is a matter of grace. Luckenbach S. S. Co. v. U. S., 272 U. S. 533, 47 S. Ct. 188, 71 L. Ed. 394.

 Plaintiff in error does not controvert

this proposition, but insists that, in any case where the Legislature grants such right, it must do so to both parties alike. It is contended that the statute in question grants the right of appeal to an unsuccessful defendant and does not give a similar right to an unsuccessful plaintiff in such cases, and therefore it denies to the latter the equal protection of the law. It may be conceded that, if the Legislature in any particular class of cases should provide for an appeal by one party and deny the right to the adversary party, such legislation would contravene the equality clause of both State and Federal Constitutions.

■ We do not, however, construe this statute to have the effect claimed. It will be noted that it does not provide that the defendant may appeal in case the judgment in the county court exceeds the sum of $100, but the language is that "no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding $100.-00." Under this provision either party may appeal when the judgment exceeds the stipulated amount, and neither may appeal unless it does. So far as the right of appeal is concerned, each party, plaintiff and defendant, are placed upon terms of equality. While the statute denies the plaintiff the right of appeal when he fails to recover possession of the property sued for, at the same time it denies the defendant an appeal when the plaintiff recovers possession of the property involved and does not recover rents in excess of $100. Even if the right thus given may appear to be more beneficial to the defendant than to the plaintiff, such fact would not operate to deny the equal protection of the law, within the meaning of the constitutional guaranty. It has often been determined that a statute does not deny equal protection merely because certain persons may derive special benefits, where all persons within its purview are subject to like conditions. Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 923; Stone v. City of Jefferson, 317 Mo. 1, 293 S. W. 780, 52 A. L. R. 879; Virginia Development Co. v. Crozer Iron Co., 90 Va. 126, 17 S. E. 806, 44 Am. St. Rep. 893.

■ We think it was a matter of legislative discretion in fixing some particular point at which litigation of this nature should become final. It gave the parties in this particular litigation an unlimited right to appeal from the justice to the county court. We are not prepared to say that its limitation upon the right of a further appeal violates any constitutional right. While the method provided by the Legislature may not operate as beneficially to an unsuccessful plaintiff as to an unsuccessful defendant, the right itself applies to both alike. In this connection, we think the language used by the Supreme Court of Mississippi, in Dismukes v. Stokes, 41 Miss. 430 is pertinent. In discussing the power of the Legislature pertaining to limitations upon the right of appeal, it was said: "Nothing appears to be more clearly within the legislative power over matters pertaining to public policy, than the question, in what cases and to what courts shall a party be entitled to an appeal or a writ of error? In such cases the question to be settled is, whether or not it would best promote the purposes of justice, and the peace and quiet of the community, to allow a matter once or twice regularly adjudicated in the courts to be further litigated in other courts; and this question depends not upon matters of legal right, but upon considerations of public policy. It turns upon the grave question, at what point should litigation in particular cases cease, and what rule, in relation to the particular case, would best promote the public good? When the legislature determines this question and fixes the rule in any particular case, the question is thereby settled."

It seems that the Legislature in this particular class of cases adjudged it in the interest of a sound public policy that the right of appeal should be conditioned, not upon the amount in controversy, but upon the amount of judgment rendered in the case, and, as it granted this right to the plaintiff and the defendant alike, it does not operate to deny plaintiff in error the equal protection of the law; the wisdom of such legislation being for the Legislature and not for the courts.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.