

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 12, 1967

Honorable Jack Hightower
Chairman
Game and Fish Committee
State Senator
Austin, Texas

Opinion No. M- 73

Re: Constitutionality of H.B.
No. 741 of the 60th Legis-
lature, with amendments
thereto.

Dear Senator Hightower:

You request an opinion from this office as to the constitutionality of H.B. No. 741 of the 60th Legislature, with amendments thereto. For clarity we will state the Bill as proposed.

"A BILL

TO BE ENTITLED

AN ACT relating to reciprocal hunting and fishing privileges between Texas residents and residents of other States; and declaring an emergency.

"Section 1. The Parks and Wildlife Department shall issue a Texas Hunting and Fishing License for the same fee as is charged residents of Texas if it is shown that the nonresident applicant's state grants a similar, reciprocal privilege to residents of the State of Texas.

"Sec. 2. A resident of Louisiana may engage in lawful sport hunting in Jasper, Orange, Newton, Sabine and Shelby counties if he has purchased a valid license by the state of his residence and that his state grants a similar, reciprocal hunting privilege to residents of the State of Texas.

"Sec. 3. A resident of Louisiana may engage in lawful sport fishing in any of the waters forming a boundary by the Sabine River and the Sabine Lake between his state and this state without a Texas license if he has a valid license issued by the state of his residence and that his state grants a similar, reciprocal fishing privilege to residents of the State of Texas.

"Sec. 4. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each house be suspended, and this Rule is hereby suspended."

We have made a thorough search of the case law which might have tested the constitutionality of a state statute that granted reciprocal privileges to residents residing outside their respective states and have been unable to find any cases which touch upon this question.

In passing upon the constitutionality of Article 934b-1 of Vernon's Penal Code, the court in Dodgen v. Depuglio, 146 Tex. 533, 209 S.W. 588 (1948) stated on page 591:

"It will be observed that the statute sought to be nullified is a conservation statute and that it prescribes a fee for both non-resident fishermen and the use of non-resident commercial fishing boats, as a prerequisite to take shrimp belonging to the state. . . ." (Emphasis supplied by the court.) and further stated on page 594 as follows:

"Where a state may validly require a license, it may make such classifications, subclassifications or exemptions as deemed necessary, so long as such classifications are not unreasonable and arbitrary. Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896; State v. Woodruff, 134 Fla. 437, 184 So. 81; 16 C.J.S., Constitutional Law, § 659. 'A

classification is never unreasonable or arbitrary in its inclusion or exclusion features so long as there is some basis for the differentiation between classes or subject matters included as compared to those excluded from its operation, provided the differentiation bears a reasonable relation to the purposes to be accomplished by the act.' State v. Mason, 94 Utah 501, 78 P.2d 920, 923, 117 A.L.R. 330; Hurt v. Cooper, supra; Hurt v. Cooper, Tex.Civ.App., 113 S.W.2d 929. The mere fact that discrimination is made does not necessarily vitiate the classification, and unless there is no substantial basis for the discrimination, there is no warrant for judicial interference. Hurt v. Cooper, Tex.Sup., supra; Hurt v. Cooper, Tex.Civ.App., supra; 16 C.J.S., Constitutional Law, ẞ 529. All that is required is that the enactment shall be applicable to all persons alike under the same circumstances. Beacon Lumber Co. v. Brown, Tex.Com.App., 14 S.W.2d 1022; Waid v. City of Fort Worth, Tex.Civ.App., 258 S.W. 1114, writ of error refused. 'One who assails the classification * * * must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 79, 31 S.Ct. 337, 340, 55 L.Ed. 369, Ann. Cas. 1912C, 160. Depuglio, in attacking the constitutionality of the statute in question, has not shown that the classification involved is unreasonable or arbitrary."

It thus appears from a reading of the above case that the state has a right to pass laws requiring a license and it may make such classifications, subclassifications or exemptions as long as they are not unreasonable and arbitrary, and that such statutes are not unconstitutional unless they are unreasonable or arbitrary. Therefore H.B. No. 741, of the 60th Legislature, with amendments thereto, is constitutional.

S U M M A R Y

H.B. No. 741, of the 60th Legislature,
with amendments thereto, is constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Alan Minter
Wade Anderson
Scott Garrison
John Reeves

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.