J. A. BARRETT et al., Appellants, v. STODDARD COUNTY et al.

Division Two, December 10, 1912.

1. AMENDED PETITION: Striking Out Amendment: No Exception, etc. If no exception is saved to the action of the court in sustaining a motion to strike out the allegations of new matter contained in plaintiffs' amended petition, and such ruling of the court is not referred to in the motion for a new trial, the matter contained in those allegations is not for consideration on appeal. When the motion to strike out was sustained, the issues raised by those allegations passed out of the case, no exception having been saved.

2. ———: ———: ———: County Depositary: Dissolution of Bank: No Statutory Suggestion. Plaintiffs, resident taxpayers, sued the county and its other officers to have the action of the county court in selecting a certain bank as county depositary set aside. In an amended petition they alleged that since the commencement of the suit the said bank had sold its assets and business to another, except its contract with the county as depositary, and that the bank had dissolved, etc. The court sustained a motion to strike out these additional allegations, and no exception was saved. No suggestion of disability as contemplated by the statute was made at the trial, and when objection was made to proof tendered of said allegations, plaintiffs acquiesced in the objection and withdrew the tender. *Held*, that the issues raised by these allegations cannot be considered on appeal.

3. COUNTY DEPOSITARY: Bid: Contract to Buy Warrants at Par. A proposition from a bank to buy at par all county warrants issued by the county court during the biennial period, not in excess of the revenue, has no place in the bid of a bank to become county depositary, and in no way affects the duty of the county court to select as depositary the bank which makes "the largest offer for the payment of interest;" and if not included in the bids of either of the two banks which offer to pay the same rate of interest, the fact that the court order reciting the naming of one of them as depositary also recites that the bank agrees to buy at par all such warrants, does not invalidate that acceptance, nor show that the court's discretion was abused, nor that the selection was arbitrarily made or the result of favoritism.

4. ———: Bond: Owners of Unincumbered Real Estate: Finding of County Court. The statute imposes upon the county court the duty of ascertaining the qualifications and sufficiency

Barrett v. Stoddard County.

of the sureties on the county depositary's bond; and where the bond is signed by at least five sureties and the court record recites that the court has examined the bond and found it to be "signed by the requisite number of solvent sureties who own unincumbered real estate in the State of Missouri of as great a value as the amount of the bond," and there is nothing in the facts to impeach that record, the action of the court in accepting the bid of the successful bidder is not invalid because of a lack of a sufficient statutory bond. And that record is not impeached by the fact that the bond was fixed at $250,000 and was signed by fourteen sureties, thirteen of whom made affidavit that they were worth $162,300 in unincumbered real estate, and the fourteenth made no affidavit and the value of his real estate is not shown. The statute does not require the sureties to make affidavit. The fourteenth signer may have been worth the face of the bond in unincumbered real estate.

5. ——: ——: **Public Officer.** County depositaries are not public officers, and the statute in reference to the qualifying of public officers does not apply to them. They are debtors of the county, and their bond is given to secure the debt. The statute pertaining to them requires the bond to have at lease five solvent sureties, owners of real estate to the value of the face of the bond, and to be approved by the county court, and nothing more.

Appeal from Stoddard Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*R. S. Houck* and *H. S. Shaw* for appellants.

(1) The dissolution of defendant, the Bank of Essex, deprived the circuit court of jurisdiction to proceed further herein and the action abated. 9 Am. & Eng. Ency. Law (2 Ed.) 606; Bank v. Selma, 21 Wall. 609; 5 Ency. Pl. & Pr., p. 96; Youree v. Insurance Co., 180 Mo. 164; Sauer v. Hotel Co., 65 Mo. 287; Bradley v. Rappell, 133 Mo. 552. The death of a party, necessary to the determination of a controversy, abates the entire action and the court cannot proceed to render judgment for or against the surviving parties. 5 Ency. Pl. & Pr., p. 840. The relation of the depositary of county funds to the county is one

entered into with a view of confidence reposed, involving personal service and trust. Reagan v. County Court, 226 Mo. 79; State ex rel. v. Hawkins, 130 Mo. App. 41; State ex rel. v. Bourne, 151 Mo. App. 104; Sec. 3815, R. S. 1909. Such contracts can neither survive the life of the parties thereto, nor be assigned. Lawson on Contracts (1 Ed.), Sec. 437; Yerrington v. Greene, 7 R. I. 559; Lansden v. McCarthy, 45 Mo. 106; Boykin v. Campbell, 9 Mo. App. 495; Implement Co. v. Iron Works, 122 Mo. 222; Afflick v. Streeter, 125 Mo. 708; Snyder v. Railroad, 86 Mo. 613; Chouteau v. Boughton, 100 Mo. 410; 2 Am. & Eng. Ency. Law (2 Ed.), p. 1036. (2) The attempted selection of the Bank of Essex as depositary of the county funds was absolutely void and of no effect. A county court is a court of limited jurisdiction. It does not proceed according to the common law. It derives its powers from legislative enactment and is confined to the authority given. State ex rel. v. Patterson, 207 Mo. 147; Doddridge v. Patterson, 222 Mo. 155. Where a special power is conferred and a special method is prescribed for the exercise of such power, such method must be strictly followed. Heidleberg v. County, 100 Mo. 74; In re Knapp, 144 Mo. 661; 26 Am. & Eng. Ency. Law (2 Ed.), p. 605. Sealed bids cannot be changed after all the bids have been opened. Moher v. Chicago, 114 Ill. App. 292; State v. Commissioners, 11 Neb. 484; Beaver v. Trustees, 97 Ohio St. 108; Boren v. Commissioners, 21 Ohio St. 311; Sanitary District v. Lee, 79 Ill. App. 159. The contract of the county with the depositary is made by offer and acceptance, and the acceptance must be in the terms and coincide with the offer. Lawson on Contracts (1 Ed.), Sec. 16; Egger v. Nesbit, 122 Mo. 675. (3) The bond filed by the Bank of Essex as depositary of the county funds did not meet the requirements of the depositary act. Such bond was a prerequisite to the transfer of the county money to said bank. Secs. 1226 and 3806,

R. S. 1909. In so far as the depositary performs duties to the public, it is a public officer. Henry County v. Salmon, 201 Mo. 136. Secs. 1226 and 3806, R. S. 1909, should be construed together as forming a part of one general plan to safeguard the public revenues. 26 Am. & Eng. Ency. Law (2 Ed.) 632, 676, 623; Sales v. Asphalt Co., 166 Mo. 671; Black on Interp. Laws, p. 204.

*N. A. Mozley* and *Wammack & Welborn* for respondents.

(1) If no exception is saved to the action of a trial court in sustaining a motion to strike out a part of the pleadings, but the complaining party thereafter proceeds to trial on the merits and does not in its motion for a new trial, call the trial court's attention to the action of said court in sustaining such motion to strike out, the appellate court cannot review the action of the trial court upon such motion. Tobacco Co. v. Walker, 123 Mo. 662; State v. Ware, 69 Mo. 332; Keen v. Schnedler, 92 Mo. 525; Ellis v. Lamme, 42 Mo. 153; Sec. 2081, R. S. 1909. (2) In selecting the county depositary, the county court has a right to exercise its discretion and, unless it is clearly shown that the court exercised such discretion improperly or unreasonably, its action in so doing will not be reviewed. Reagan v. County Court, 226 Mo. 79; State ex rel. v. Hawkins, 130 Mo. App. 41.

FERRISS, J.—The following statement of the case is adopted from the statement and brief filed here by appellants.

This is an action by fifty and more resident, solvent and responsible taxpaying citizens of Stoddard county, Missouri, against the above named defendants, for the purpose of having the action of the county court of said county, in selecting the Bank of Essex, of Essex, Missouri, as the depositary of the various

funds of the county and the funds under the control of the county court, inquired into and annulled, and for a mandatory injunction requiring said defendants to refrain from all further action under said selection, and to require said county court to either readvertise and relet said funds or to accept the bid of the City Bank of Bloomfield, Missouri, the alleged highest and best bidder.

The facts of the case are as follows:

The county court of Stoddard county, Missouri, in due season, caused the clerk of said court to publish a notice in the county newspapers to the effect that said court would, on May 6, 1907, "receive sealed proposals from any banking incorporation, association or individual banker" that might desire to be selected as the depositary of the county, and in other respects complying with the law. On May 6, 1911, the day designated, the said county court met, and at noon opened the several bids received, and caused said bids to be spread upon the records of the court. The court thereafter adjourned, taking the matter of a selection of a depositary under consideration until the next day. Among the several bids so received was the bid of the Bank of Essex, of Essex, Missouri, which said bid was as follows:

Essex, Mo., May 6, 1907.

To the Honorable County Court of Stoddard County, Missouri.

Gentlemen: We, the undersigned Bank of Essex, Essex, Mo., bid for the county money for the ensuing two years, as advertised in The Bloomfield Vindicator, four and five-eighths per cent per annum on daily balances.

We further agree to maintain a paying station in the city of Bloomfield during the entire period of said contract, and to furnish good and sufficient bond for the faithful performance of the duties thereto, and safe custody of all moneys coming into our hands. This bid is accompanied by a certified check for the sum of one hundred and sixty-four dollars.

Respectfully submitted,

. BANK OF ESSEX,

By Philip Collins, President.

Attest:  C. L. Harrison, Cashier.

The bid of the City Bank of Bloomfield, Missouri, was as follows:

> Bloomfield, Mo., May 6, 1907.
>
> To the Honorable County Court of Stoddard County, Missouri.
>
> Gentlemen: The City Bank of Bloomfield, Mo., desires to be selected as the depositary for the next two ensuing years of the county funds, district school funds, capital school funds, drainage funds, road funds, and all money under and coming under the control of the county court of Stoddard county, Missouri, and agrees to pay interest on daily balances on all funds so deposited at the rate of four and five-eighths per cent per annum (payable monthly).
>
> And further agrees to pay face value for all county warrants, and to execute a sufficient bond as the law directs.
>
> CITY BANK OF BLOOMFIELD, Mo.
> By George Houck, President.

When the court convened the next day, pursuant to adjournment, it took up the matter of the selection of a depositary, and made the following order:

> The matter of the selection of a county depositary again being taken up for consideration, and the court after considering all the bids filed by the various banks of the county of Stoddard to act as such depositary for the two years next ensuing this date, is of the opinion that the bid of the Bank of Essex, proposing to pay four and five-eighths per cent on daily balances, and in addition thereto to buy all warrants issued by said court, not in excess of the revenue, at par, is the best bid offered.
>
> It is therefore ordered by the court that the said Bank of Essex be and the same is hereby selected as the depositary of all funds now in the hands of the county treasurer, or that may hereafter come into his hands, except that moneys that may hereafter be realized from the sale of the drainage district bonds, said bank to pay monthly to said county interest on daily balances at the rate of four and five-eighths per cent per annum; and it is further ordered that the said Bank of Essex enter into bond to said county as such depositary in the sum of two hundred and fifty thousand dollars, as required by law.

On May 11, 1907, the said Bank of Essex filed its bond, as directed by the order of the court, in the penal sum of $250,000, conditioned upon the faithful performance of the duties and obligations devolving upon it by law as such depositary, the payment of all

checks drawn upon it by the county treasurer, whenever sufficient funds were in the depositary, the faithful keeping of all county funds, district school funds, capitol school funds, road funds, bridge funds and drainage funds, and the accounting for same according to law to its successor, and the payment of four and five-eighths per cent interest on daily balances. Said bond was signed by fourteen sureties, thirteen of whom justified on said bond by making affidavit stating the amount and location of their personal and real property. These affidavits were attached to and filed with the said bond in the office of the clerk of the said court, showing said sureties to be worth the sum of $109,000 in personal property, and $188,300 in real estate. From the latter sum, however, must be deducted the sum of $26,000 mentioned in said affidavits as incumbrances on their said real estate. Said bond was at once approved by the court as "signed by the required number of sureties, who own unincumbered real estate in the State of Missouri of as great a value as the amount of the said bond."

On July 3, 1907, this action was instituted for the purposes above-mentioned, by filing petition, and the court thereupon issued a temporary writ restraining the defendants from proceeding further under said order, and directing the payment of the funds in question to the City Bank of Bloomfield, Missouri, which was accordingly done.

The cause was thereafter removed on the application of defendants to the circuit court of Howell county, Missouri, and thereafter, before the trial of said cause, appellants filed an amended petition differing from the original only in the following allegations:

"Plaintiffs further state that since the commencement of this action the said Bank of Essex has sold and assigned all its assets, good will and business to the Farmers' Bank of Essex, and that said last named bank has assumed all the liabilities of the said Bank of

Essex, except that said Farmers' Bank declined and refused to accept the contract of said Bank of Essex with said Stoddard county to be county depositary, and that said Bank of Essex has ceased to do business or to operate as a bank, and that its affairs are now liquidated and said banking company dissolved.

"Plaintiffs further state that upon the refusal of said Farmers' Bank to become county depositary, as aforesaid, said Bank of Essex assigned its said supposed contract as such depositary to one Alfred L. Harty; that said assignment was illegal and void, and has not been accepted by the county court of Stoddard county, nor has the said Alfred L. Harty ever given any bond or other obligation with respect thereto."

Thereafter, on February 12, 1909, defendants filed a motion to strike out that portion of the amended petition above set out, which, upon being heard by the court, was sustained, and said paragraphs ordered stricken out.

It was admitted, among other things, by respondents' answer that plaintiffs were resident, solvent and responsible taxpaying citizens of Stoddard county, Missouri, that the city bank is a resident of Stoddard county, and duly incorporated; that it was engaged in a general banking business and was a solvent institution, and that it accompanied its bid with a certified check as required by law.

Upon the trial of the cause, the court, after hearing plaintiffs' evidence, upon motion of defendants dissolved the temporary injunction and dismissed plaintiffs' bill, from which said action on the part of the court plaintiffs have perfected their appeal to this court.

I.  Appellants contend that the allegations made in the amended petition, to the effect that the Bank of Essex was dissolved, deprived the court of further jurisdiction, and that the action abated.  No exception

was saved to the action of the court in sustaining the motion to strike out this portion of the petition, nor was such ruling of the court referred to in the motion for a new trial; hence, the matter is not before us in proper form for review. Nor can this amendment be treated as a suggestion to the court that the corporation was no longer a legal entity. There was no such suggestion of disability as is contemplated by Secs. 1916 and 1917, R. S. 1909. The facts alleged were tendered as issues in the case. When the motion to strike out was sustained, these issues passed out of the case, no exception having been saved. Furthermore, when objection was made to proof tendered of the facts so alleged, appellants acquiesced in the objection made, and withdrew the tender.

II. Appellants further contend that the acceptance of the bid of the Bank of Essex by the county court was void, because the order accepting the bid recites that the bank proposed to pay par for county warrants, such provision not being contained in the sealed bid. It is claimed that this acceptance does not correspond to the bid, and hence there was no meeting of minds, and no contract made. The argument is based upon the proposition that the county court, possessing limited jurisdiction, must follow the exact provisions of the statute. This objection would possess more merit if either of the contracting parties was objecting. It is difficult to perceive how this alleged irregularity injuriously affects the taxpayers who are the complainants. However, we are not impressed by the objection. The notice, bid and order of acceptance conform to the statute, Art. 8, Ch. 34, R. S. 1909. Section 3803 of said article deals only with the funds of the county. There is nothing in the statute about the purchase of county warrants by bidders therefor. The proposition to buy county warrants at par has no place in the bid, so far as the statute is concerned, and in no

way affects the duty of the county court to select the depositary which makes "the largest offer for the payment of interest." [Sec. 3805.] In this regard, both bids conform to the statute, and are alike. The offer to buy county warrants, whether contained in the sealed bid or not, addresses itself to the discretion of the court, where the bids are otherwise equal. From the standpoint of the law, then, the two bids were equal. There is no showing in favor of either bank as to reliability and resources. They seem of equal merit. We see no ground for the charge of unfair discrimination or abuse of discretion. The statute (section 3805) gives the county court the right to reject any bid, and unless it clearly appears that this discretion has been abused this court will not review the county court's action. [Reagan v. County Court, 226 Mo. 79.] What we have just said disposes of the further contention of appellants, that the selection of the Bank of Essex "was arbitrarily and oppressively made, and was the result of prejudice and favoritism." We find no evidence in the record to sustain such charge.

III.   Lastly, appellants urge that the bond filed by the Bank of Essex "did not meet the requirements of the depositary act." The statute requires the bond to be approved by the county court, "with not less than five solvent sureties, who shall own unincumbered real estate in this State of as great value as the amount of said bond." The order of the county court approving the bond contained this recital: "The court having examined said bond, and finding same signed by the requisite number of solvent sureties who own unincumbered real estate in the State of Missouri of as great value as the amount of the bond, it is further ordered by the court that said bond be and is hereby approved."

The record shows that of the fourteen sureties who signed the bond, thirteen filed affidavits of their real

estate holdings, aggregating $162,300. The fourteenth signer filed no affidavit. Counsel for appellants contend that the depositary is a public officer, and must qualify as such under Sec. 1226, R. S. 1909. In this we think counsel err. Said section is found in the chapter headed "Official Bonds," and plainly applies to public officers proper. We held in Henry County v. Salmon et al., 201 Mo. 136, that county depositaries are not public officers, but are debtors of the county, and that the bond is given to secure the debt. The depositary statute (section 3806) requires the bond to have at least five solvent sureties, owners of real estate to the value of the face of the bond, and to be approved by the county court. Nothing more. There is no pro vision for affidavits of the sureties. It is left to the court to satisfy itself as to the solvency of the sure ties and the value of their real estate. So far as this record goes, the fourteenth signer of the bond may have been worth its face in unincumbered real estate. The law imposes upon the county court the duty of ascer taining the qualifications and sufficiency of the sure ties. In this case the court has found as a fact that the sureties were of the requisite number and possessed the necessary qualifications, and the record of that court so shows. There is nothing in the record before us to justify an attack upon this finding of the county court.

The judgment is affirmed. *Brown, P. J.,* and *Kennish, J.,* concur.