**HURLEY et al. v. CITIZENS' NAT. BANK OF SOUR LAKE. (No. 722.)**

(Court of Civil Appeals of Texas. Beaumont. March 29, 1921.)

**1. Depositaries ⬤⟝6—Selection of county depository vested in commissioners' court.**

The authority to select a depository for the funds of a county is vested in the commissioners' court, and in making such selection it has a discretion, the exercise of which, unless abused, is not subject to be reviewed or controlled by the district court, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 2440–2442.

**2. Depositaries ⬤⟝6 — Commissioners' court need not select depository offering most interest.**

It was not the intention of the Legislature by Vernon's Sayles' Ann. Civ. St. 1914, art. 2442, to compel the commissioners' court of a county to select as depository of county funds the one "offering to pay the largest rate of interest per annum for said funds," and such court may select any bidder unless it abuses its discretion by acting with some improper motive.

**3. Pleading ⬤⟝8(6) — Statement that commissioners' court violated law of state held mere legal conclusion.**

Statement in a petition for an injunction to restrain the commissioners' court from accepting a bond tendered by a bank as a depository that such court violated the law of the state in selecting such bank as depository was but a statement of a legal conclusion, and was short of the statement of any fact showing that there was an abuse of discretion in selecting such bank.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Action by the Citizens' National Bank of Sour Lake against L. G. Hurley and others, constituting the Commissioners' Court of Hardin County. From a judgment granting a temporary writ of injunction, defendants appeal. Judgment reversed, and injunction dissolved.

Coe & Combs and B. F. Creel, all of Kountze, for appellants.

W. W. Cruse, of Beaumont, and E. B. Pickett, Jr., of Liberty, for appellee.

HIGHTOWER, C. J. On the 17th day of February, 1921, the appellee, Citizens' National Bank of Sour Lake, Hardin county, Tex., a banking corporation duly organized and existing under the laws of the United States, presented to Hon. J. L. Manry, judge of the Ninth judicial district of Texas, in vacation, a petition praying for a writ of injunction against the commissioners' court of Hardin county, Tex., enjoining said court from accepting or approving any bond tendered or presented to said court by the Hardin County State Bank of Hardin county,

Tex., as a depository of the funds of said Hardin county, and also enjoining said commissioners' court from in any manner whatsoever attempting to treat with, consider, regard, or recognize said Hardin County State Bank as the depository of said Hardin county. It was alleged substantially in the petition that the commissioners' court of Hardin county, prior to the regular term of said court, which convened on February 14, 1921, duly advertised for bids upon the selection of a county depository, as provided by article 2440, R. S. 1911, and, after such advertisement and due notice thereof, said commissioners' court, after convening on said 14th day of February, opened the bids received, and found that there were three bids, as follows: (1) A bid by the Citizens' National Bank of Sour Lake, the appellee, offering $6\frac{1}{8}$ per cent. interest upon such county funds; (2) a bid by the Sour Lake State Bank offering $4\frac{1}{2}$ per cent. interest upon such funds; and (3) a bid by the Hardin County State Bank offering 4 per cent. for such funds— and it was then alleged that, after opening such bids, said commissioners' court accepted, or undertook to accept, the bid of the Hardin County State Bank, offering 4 per cent., as shown above. The petition then proceeded to allege that appellee's bid was delivered to the county judge of Hardin county, as required by statute, and was in all respects and particulars in strict conformity to and compliance with the statutes in such cases made and provided, and was accompanied by the required certified check, and that, if its bid had been accepted, the appellee was ready, willing, and able to have given the bond required by article 2443, R. S. 1911, as a depository of the funds belonging to said county. The petition then proceeded to allege:

"That the bid and proposal of plaintiff, which was made in strict conformity with the law, as above alleged, should have been accepted by the defendants, and that plaintiff should have been selected as the depository of all the funds of said Hardin county by the defendants, and yet the plaintiff is entitled to have its said bid so accepted, and yet plaintiff should be by the defendant selected as the depository of all the funds of said Hardin county, and plaintiff is desirous of having the defendants yet make and enter a proper order accepting its said bid and selecting plaintiff as a depository of all the funds of said Hardin county for the term between the date of such bid and the next regular time for the selection of a depository for said county."

In the fourth paragraph of the petition there was contained, among other things, the following allegation:

"And, notwithstanding the said bid and proposal of plaintiff offered 'to pay the largest rate of interest per annum for said funds,' and therefore, under and by virtue of the statute

in such cases made and provided, should have been accepted by said commissioners' court, the said court by the vote of three to two above indicated refused and rejected said bid of plaintiff, and instead, and contrary to and in violation of law and the statutes of this state, then and there voted to accept and has undertaken to accept the said bid of said Hardin County State Bank, which offered only 4 per cent. for said funds, as above alleged, and the said commissioners' court has thereby in that manner selected and undertaken to select as the depository of all the funds of the county for the ensuing two years, although such action and order by the said court is contrary to and in violation of the statutes of this state."

In addition to the prayer for temporary injunction, as above shown, it was further prayed by the appellee that upon final hearing the writ of injunction be perpetuated, and that appellee have judgment vacating, annulling, and setting aside the said action and order of said commissioners' court, accepting the bid and proposal of said Hardin County State Bank, and selecting said bank as the depository for said county, and also that the court then grant a mandatory writ of injunction and a writ of mandamus commanding, requiring, and compelling defendants to rescind, vacate, and set aside said order made on the 14th day of February, 1921, accepting said bid of the Hardin County State Bank and selecting said bank as the depository of said county, and further commanding, requiring, and compelling defendants to accept the said bid of plaintiff above described, and to select plaintiff as the depository of all the funds of said Hardin county for the term between the time of such bid and the next regular time for the selection of a depository for said county, and also plaintiff prays for all other and further relief, both legal and equitable, general and special, to which it may be justly entitled.

The petition was duly sworn to, and when presented to Judge Manry he, without a hearing, and without notice to appellant, the commissioners' court of Hardin county, granted the temporary writ of injunction as prayed for, upon condition that the plaintiff file a bond for such writ in the sum of $1,000, which was done. From this order of Judge Manry the commissioners' court of Hardin county prosecuted an appeal to this court, and by several assignments of error has challenged the correctness of Judge Manry's order.

[1] In the view we take of the matter, however, we find it unnecessary to consider any of appellant's assignments, other than that which complains, in effect, that the authority to select a depository for the funds of Hardin county is, by the statutory law of this state, vested in the commissioners' court of Hardin county, and that in making such selection the statute of this state vests the commissioners' court of said county with a discretion the exercise of which, unless abused, is not subject to be reviewed or controlled by the district court, and that appellee's petition in this case failed to state any fact or facts which showed any abuse of the discretion vested in it by the commissioners' court of Hardin county in selecting the Hardin County State Bank as the depository of the funds of said county, and in refusing to select, as such depository, the appellee.

Article 2440, Vernon's S. C. S., authorizes the commissioners' courts of the several counties of this state to receive proposals from any banking corporation, association, or individual banker that may desire to be selected as a depository of county funds. Also, by the same article, it is provided that notice that such bids will be received shall be published, etc. Article 2441 provides when and how bids for such funds shall be presented to the commissioners' court, what such bids shall state, etc., and other requirements in connection with such bids. Article 2442 reads as follows:

"It shall be the duty of the commissioners' court at 10 o'clock a. m., on the first day of each term, at which, by article 2440, bids are required to be received, to publicly open such bids and cause each bid to be entered upon the minutes of the court, and to select as the depository of all the funds of the county the banking corporation, association, or individual banker, offering to pay the largest rate of interest per annum for said funds; provided the commissioners' court may reject any and all bids. The interest upon such county funds shall be computed upon the daily balances to the credit of such county with such depository, and shall be payable to the county treasurer monthly, and shall be placed to the credit of the jury fund or to such funds as the commissioners' court may direct. When selection of a depository has been made, the checks of bidders whose bids have been rejected shall be immediately returned. The check of the bidder whose bid is accepted shall be returned when his bond is filed and approved by the commissioners' court, and not until such bond is filed and approved."

[2] The first point to be determined on this appeal, as we see it, is whether, under article 2442, just quoted, the commissioners' court of Hardin county was vested with any discretion in selecting a depository from among the three bidders for the county funds, as above shown, or whether said court was required absolutely by the statute to accept the bid of the Citizens' National Bank of Sour Lake, the appellee, because the rate of interest offered by it for such funds was "the largest rate of interest per annum for said funds." In so far as disclosed by the brief of either party to this appeal, no appellate court of this state has construed article 2442, and we ourselves have been unable to find any decision of our own appellate courts construing that article. We have arrived at the

conclusion, however, that it was not the intention of the Legislature to compel the commissioners' court of a county to select as the depository of county funds the banking corporation, association, or individual banker "offering to pay the largest rate of interest per annum for said funds." On the contrary, it is our opinion that it was the intention of the Legislature to vest in the commissioners' court a discretion in making such selection for county funds, and that unless the commissioners' court, in making such selection for county funds, should abuse that discretion by acting fraudulently or arbitrarily, or with some other improper motive, its action in selecting a depository for county funds cannot be reviewed or controlled by any other court. While the statute says that the court shall select as the depository of the funds of the county the banking corporation, association, or individual banker "offering to pay the largest rate of interest per annum for said funds," yet, when the entire article is considered, it is clear that it was not the intention of the Legislature to compel the commissioners' court to accept the bid of any bidder for county funds because the same might be the highest bid therefor. Immediately following the language just quoted is this proviso, "provided, the commissioners' court may reject any and all bids." Had it been the intention of the Legislature to compel the commissioners' court to accept the highest bid and select such bidder as the depository for county funds, there could have been no reason actuating the Legislature in providing that the court "may reject any and all bids," and this further language:

"When selection of a depository has been made, the checks of the bidders whose bids have been rejected shall be immediately returned. The check of the bidder whose bid is accepted shall be returned when his bond is filed and approved by the commissioners' court, and not until such bond is filed and approved."

If it had not been intended by the Legislature, in passing this law, that the commissioners' court should be vested with a discretion in selecting a depository of county funds, the language just quoted would very probably have not been used, but, on the contrary, the Legislature probably would have stated that the checks of all bidders other than that of the highest bidder for county funds should be returned by the commissioners' court to such bidders.

The Supreme Court of Missouri, in the case of Reagan v. Iron County Court et al., 226 Mo. 79, 125 S. W. 1140, had occasion to construe a statute of that state which is remarkably similar to article 2442, above quoted, and the conclusion reached by the court in that case was that the county court was vested with discretion in the selection of a county depository, and that, unless it was shown that such discretion had been abused, the action of the county court in selecting such depository could not be reviewed or controlled by any other court. The same rule was announced by the Supreme Court of Missouri in the case of Barrett v. Stoddard Co. et al., 246 Mo. 501, 152 S. W. 43.

[3] Having arrived at the conclusion that in selecting a depository for county funds the commissioners' court of Hardin county was vested with discretion, and not compelled to accept the highest bidder as such depository, the only question left for our determination is whether the petition in this case showed an abuse by the commissioners' court of Hardin county of that discretion. We have already shown, substantially, what the allegations in the petition were, and therefore it is unnecessary to again repeat them. Suffice it to say that there is not stated in the whole petition any fact or facts which showed any fraud, collusion, arbitrary action, or other wrong motive on the part of the commissioners' court of Hardin county in selecting the Hardin County State Bank as a depository of the county funds, nor is there an allegation to the effect, even by way of conclusion, that in making such selection the commissioners' court of Hardin county abused its discretion. It was stated in the petition, as we have shown, that in making such selection the commissioners' court violated the law of this state, but such statement was but the statement of a legal conclusion on the part of the pleader, and was far short of the statement of any fact from which even an inference might legitimately be drawn; and it was also further stated in the petition, as we have shown, that the appellee's bank should have been selected by said commissioners' court as the depository of the funds of said county, but no fact was stated in that connection showing why appellee should have been selected as the depository of such funds, but merely the conclusion of the pleader was stated to that effect, with no fact being stated upon which to base the conclusion. The petition as a whole was subject to a general demurrer, and showed no ground or reason why the district judge should have granted the writ of injunction as he did.

It is our conclusion that the judgment should be reversed, and the injunction dissolved, and it will be so ordered.