

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 6, 1951

Hon. John R. Lindsey
County Attorney
Jack County
Jacksboro, Texas

Opinion No. V-1166

Re: Authority of the com-
missioners' court to
choose the county de-
pository under the sub-
mitted facts.

Dear Sir:

You have requested an opinion concerning the
authority of the commissioners' court in selecting the
county depository. The facts as stated in your request
are substantially as follows:

The Commissioners' Court of Jack County re-
cently published notice that at ten o'clock A.M. on
Monday, February 12, 1951, it would receive bids from
banking institutions desiring to be designated as coun-
ty depository for county and school funds for the en-
suing two years. Two banks located in Jack County filed
proposals which were substantially the same with the ex-
ception that the first bank agreed to carry county war-
rants up to the amount of $125,000.00 without interest,
while the second bank agreed to carry such warrants up
to the amount of $100,000.00 without interest. The Com-
missioners' Court voted to accept the proposal of the
second bank, and the first bank now insists that, as the
designation was to be made on competitive bidding, its
bid would have to be accepted if it filed a legal pro-
posal. Both bids were in proper form and complied with
the requirements of Article 2545, V.C.S. For a number
of years the warrants of Jack County have never exceeded
at any one time the amount of $100,000.00. At the Com-
missioners' Court hearing, no evidence of the qualifi-
cations of either bank was discussed other than the fact
that the accepted bank had handled the money for the
last two years and the Commissioners' Court had had no
cause to be displeased with the service.

Upon this state of facts, you ask the follow-
ing question:

"Is the Commissioners' Court of Jack
County bound to accept the First National

Bank of Jacksboro as the depository of
county funds since its proposal was to
carry warrants without interest to $125,-
000.00, whereas the accepted bank agreed
to carry warrants without interest only
to the amount of $100,000.00?"

The selection of the county depository by the
commissioners' court is regulated by Article 2546, V.C.
S.  For many years following its enactment in 1905, this
article provided:  "It shall be the duty of the commis-
sioners court . . . to select as the depository of all
funds of the county the banking corporation, associa-
tion or individual banker offering to pay the largest
rate of interest per annum for said funds; provided,
the commissioners court may reject any and all bids."
In Hurley v. Citizens' Nat. Bank, 229 S.W. 663 (Tex.Civ.
App. 1921), decided under this wording of the statute,
the court refused to interfere with the action of the
commissioners' court in naming as the county depository
a bank which offered to pay 4 per cent interest on
county deposits in preference to a bank which offered
to pay 6-1/8 per cent interest.  The opinion stated:

"We have arrived at the conclusion
. . . that it was not the intention of the
Legislature to compel the commissioners'
court of a county to select as the deposi-
tory of county funds the banking corpora-
tion, association, or individual banker
'offering to pay the largest rate of in-
terest per annum for said funds.'  On the
contrary, it is our opinion that it was the
intention of the Legislature to vest in the
commissioners' court a discretion in making
such selection for county funds, and that
unless the commissioners' court, in making
such selection for county funds, should
abuse that discretion by acting fraudulent-
ly or arbitrarily or with some other im-
proper motive, its action in selecting a
depository for county funds cannot be re-
viewed or controlled by any other court."
(229 S.W. at 664-5.)

See, also, Hurley v. Camp, 234 S.W. 577 (Tex.Civ.App.1921,
error ref.).

In 1937, Article 2546 was amended in several
respects.  Acts 45th Leg., R.S. 1937, ch.484, p.1298.  The

language quoted above was omitted, and in its place we find the following wording of the present statute:

> "It shall be the duty of the Commissioners Court . . . to select those applicants that are acceptable and who offer the most favorable terms and conditions for the handling of such funds and having the power to reject those whose management or condition, in the opinion of the Court, does not warrant placing of county funds in their possession. . . ."

It is to be noted that the Legislature omitted the provision that the commissioners' court "may reject any and all bids," one of the provisions which had been relied on in Hurley v. Citizens' Nat. Bank as indicating an intention to invest the commissioners' court with a discretion in the selection of the depository. However, the Legislature retained the provisions of Article 2550 which inferentially give the commissioners' court the power to reject all bids.

We must determine whether by the enactment of the 1937 amendment the Legislature divested the commissioners' court of discretion in acting on bids. The emergency clause of the amending act reads:

> "The fact that under the Banking Act of 1935, as passed by the Congress of the United States, any deposits of public funds made by or on behalf of the county or city in any State or National Bank that is a member of the Federal Reserve System and which funds are subject to withdrawal upon demand will not be permitted to draw interest, and the fact that under the present laws governing the depositing of such public funds, all such funds are required to draw interest necessitates a revision of our present laws on this subject creating an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be and the same is hereby suspended, and this Act shall be in full force and effect from and after its passage, and it is so enacted."

It is shown by the emergency clause above quoted that the purpose of the 1937 amendment was to provide a different standard to guide the commissioners' court in its selection of a county depository, since the banks could no longer allow interest on county funds subject to withdrawal upon demand. The method of selecting a county depository, however, was left unchanged. While the commissioners' court no longer has the express power under this article to reject any and all bids, it is given the power to reject those applicants "whose management or condition, in the opinion of the Court, does not warrant placing of county funds in their possession." We find nothing in the 1937 amendment which deprives the commissioners' court of discretion in determining which applicant offers the most favorable terms and conditions for the handling of county funds. To the contrary, the language quoted above expressly recognizes that the commissioners' court is to have a discretion in the rejection of applicants. As stated in Hurley v. Citizens' Nat. Bank, supra, this discretion cannot be interfered with unless the commissioners' court should abuse that discretion by acting fraudulently or arbitrarily, or with some other improper motive.

You have not stated any facts or circumstances which would indicate that the Commissioners' Court of Jack County has abused its discretion in the present case. We agree with your conclusion that the commissioners' court had the discretion to reject the bid submitted by the First National Bank and to accept the one submitted by the other bank and that the burden of showing an abuse of discretion rests upon the First National Bank.

### SUMMARY

In selecting a depository for county funds, the commissioners' court may exercise its discretion in determining which applicants "offer the most favorable terms and conditions for the handling of such funds," and its action is not subject to review unless an abuse of discretion is shown. Article 2546, V.C.S.; Hurley v. Citizens' Nat.

Bank, 229 S.W. 663 (Tex.Civ.App. 1921);
Hurley v. Camp, 234 S.W. 577 (Tex.Civ.App.
1921, error ref.).

APPROVED:                          Yours very truly,

J. C. Davis, Jr.                   PRICE DANIEL
County Affairs Division            Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant
                                   John Reeves

Charles D. Mathews
First Assistant

JR:mw
                                   Mary K. Wall
                                        Assistants