THE CITIZENS STATE BANK OF ROBY,
Texas, Appellant,

v.

Bruce McCAIN, County Judge, et al.,
Appellees.

No. 3122.

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1954.

Rehearing Denied Jan. 7, 1955.

Dan Abbott, Abilene, for appellant.

McMahon, Springer, Smart & Walter, Scarborough, Yates, Scarborough & Black, Abilene, Turner & Seaberry, Eastland, for appellee.

COLLINGS, Justice.

This suit was brought by The Citizens State Bank of Roby, Texas, against the County Judge and Commissioners' Court of Fisher County, Texas, and against the First National Bank of Rotan, Texas. By such action the plaintiff sought to enjoin the County Judge and Commissioners' Court from depositing County Funds in The First National Bank of Rotan and asked damages alleged to have been sustained by plaintiff by reason of loss of profits which it would have realized had the county officials of Fisher County deposited the funds of said County with plaintiff Bank under an alleged contract by which plaintiff contends it became the depository for Fisher County during the two year period beginning February 9, 1953. The case was tried before the court without a jury and judgment was entered denying the plaintiff Bank of Roby the relief for which it prayed. This appeal has been taken from such judgment.

Appellant's cause of action, as alleged in its pleading, is based upon the premise that it was legally appointed County Depository of Fisher County on February 9, 1953, for a period of two years. The trial court found that there was never a final designation or selection of appellant as County Depository for Fisher County. It is contended by appellant that such finding of the court and the judgment based thereon is error.

The method by which a bank becomes a County Depository is prescribed by Articles 2544 through 2558a, Vernon's Texas Revised Civil Statutes. The Commissioners' Court of Fisher County advertised for bids for a County Depository as required by the statutes and appellant duly made its bid therefor. On February 9, 1953, the Commissioners' Court met at the regular term of court as provided by law and considered applications for selection as County Depository. Thereupon, the following order was made and entered by the court:

"Order No. 13:

"A motion was made by Homer Rucker and seconded by Jerry Crowley to change the County Depository from The First National Bank of Rotan to The Citizens State Bank of Roby. The vote was 3 for and 1 against."

The selection of a County Depository is a matter of discretion with the Commissioners' Court and its decision is final in the absence of a gross abuse of such discretion. Hurley v. Citizens' Nat. Bank of Sour Lake, Tex.Civ.App., 229 S.W. 663 and Hurley v. Camp, Tex.Civ.App., 234 S.W. 577. The discretion of the Commissioners' Court covers not only the matter of selecting the bank which it considers the best applicant for County Depository but also the right and duty to determine and pass upon the type and sufficiency of bond or security which shall be required to protect the County. Article 2547 provides:

"Within fifteen (15) days after the selection of such depository it shall be the duty of the banking corporation * * * *so selected, to qualify as county depository in one or more of the following ways, at the option of the Commissioners' Court.*" (Emphasis added.)

Article 2547 then sets out three ways for a bank to "qualify", to-wit: by bond with individual sureties, by bond with a corporate surety, and by deposit of certain types of securities. The type of bond or security required to be furnished by the bank is by the terms of the statute "at the option of the Commissioners' Court." Although appellant bank did attempt to pledge certain securities for the protection of the County, there is no showing that it ever "qualified" as depository by filing bond or pledging securities in compliance with the "option" of the Commissioners' Court. There is no showing that the court ever indicated or specified what form of bond or security it would, in its discretion, require for the protection of the County, or that the court ever approved the form of protection submitted by appellant. There is, therefore, no showing that the Commissioners' Court abused its discretion in the matter of determining and passing upon the type and sufficiency of the bond or other security to be furnished by appellant Bank.

The provision of the statute for the approval by the County Commissioners' Court and State Comptroller of the bond or other security is for the protection of the County and such approval is a necessary prerequisite to a final selection or designation of the depository. In the case of Linz v. Eastland County, Tex.Com.App., 39 S.W.2d 599, 604, 17 A.L.R. 1466, it is stated:

> "No specified or formal manner is prescribed for the comptroller's approval; it and that of the commissioners, if required, were *antecedent things* to be done *but the final and effective act in the procedure is the formal order of the commissioners' court entered upon the court's minutes designating the depository * * *. It was only after approval of the bond by the commissioners' court* and the state comptroller, *that such order designating a depository could be made, and this was required to be formally done and entered upon the minutes.*" (Emphasis added).

In the instant case, there was no approval by the Commissioners' Court of the securities furnished by appellant followed by an order designating appellant as County Depository. Under the authority of the above cited case by the Commission of Appeals, we hold there was no final designation or selection of appellant as County Depository for Fisher County.

A commissioners' court as a general proposition has the power to retract an order at any time during the term at which such order is passed and entered. Order No. 13 was set aside and rescinded by the Commissioners' Court on February 16, 1953, during an extension of the term of court at which the order was passed, and at a time when appellant's bond or security had not been approved. In the absence of a showing that appellant's bond or security was approved, there was no final contract between the parties and appellant acquired no vested rights which would prevent the Commissioners' Court from rescinding its prior order. 20 C.J.S., Counties, § 93, pp. 872, 873; 11 Tex.Jur. 573.

Since appellant failed to show that it legally became the depository of the funds of Fisher County, the trial court properly entered judgment denying appellant the relief sought in its petition.

The judgment of the trial court is affirmed.