

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1967

Honorable Martin Eichelberger     Opinion No. M-33
District Attorney
McLennan County Courthouse     Re: Whether the Commissioners
Waco, Texas                        Court of McLennan County
                                        can consider a bid for
                                        county depository ac-
                                        companied by a cashier's
                                        check, but not a certified
                                        check, as provided for in
                                        Article 2545, V.C.S., and
Dear Mr. Eichelberger:                  related questions.

      You have requested the opinion of this office re-
garding the above question, and in this connection you have
submitted the following facts:

      "Pursuant to advertisement for bids for
County depository pursuant to Article 2544,
V.A.C.S., the County Commissioners Court of
McLennan County met on the first day of its
term on February 13, 1967. Bids from a
number of banks were received, and opened,
prior to 10:00 A.M. on said date, in public
meeting. Only two of said bids were ac-
companied by a certified check, as provided
by Article 2545, V.A.C.S. These were the
bids of Westview National Bank and The First
National Bank of Waco, the present depository.
The bid of Westview National Bank did not
contain a statement showing the financial
condition of the bank, as provided for by said
article, but a written statement was fur-
nished by Westview National Bank during that
day. The bids of the other banks, including
The Citizens National Bank of Waco and the
National City Bank of Waco were accompanied
by cashier's checks rather than certified checks.
After discussion of the bids, the Commissioners
did not officially adjourn the meeting, and
the Commissioners Court reassembled Wednesday

- 142 -

morning, February 15, 1967, for further consideration of the bids.

"By letter dated February 13th and delivered to the County Judge, The First National Bank of Waco stated its position that, as it was the only bank which had made a bid accompanied by both a certified check and a statement of condition, its bid was the only bid received meeting the legal requirements.

"On Tuesday, February 14th, one of the other bidders, The Citizens National Bank of Waco, filed a certified check in connection with its bid.

"The Commissioners assembled on Wednesday, February 15th, at which time the National City Bank of Waco delivered to the Commissioners Court a certified check in connection with its bid. The Court heard arguments by representatives of various banks, and, on that date, February 15th, adopted by a three to one vote a motion to award the bid to the National City Bank of Waco, as the highest bid."

Based upon the foregoing fact situation, you asked the following questions:

"(1) Could the Commissioners Court of McLennan County consider a bid for County depository accompanied by a cashier's check but not a certified check, as provided for in Article 2545?

"(2) After bids have been received and opened on the first day of the term of the Commissioners Court, as provided for in Articles 2545 and 2546 V.A.C.S., could the Commissioners Court legally consider and award the bid to a bank which delivered to the Commissioners Court a certified check in connection with this bid on a day after the first day of said term, to wit, on Wednesday, February 15, 1967, prior to the passage of said motion?

"(3)  Under the above facts, can the
Commissioners Court legally select the
National City Bank of Waco as depository
and enter into depository contract with
it under Article 2546 V.A.C.S. upon said
bank's complying with the provisions of
Article 2547 V.A.C.S.?"

The selection of county depositories is provided
for and regulated by statute.  Articles 2544-2558a, V.C.S.
The requisites of the application of those banks applying
to be designated as county depository are prescribed by
Article 2545 which reads in part as follows:

". . .said application shall state the
amount of paid up capital stock and permanent
surplus of said bank. . .a statement showing
the financial condition of said bank at the
date of said application which shall be delivered
to the County Judge on or before the first day
of the term of the Commissioners Court at which
the selection of the depositories is to be made.
Said application shall also be accompanied by
a certified check for not less than one-half of
one per cent of the county's revenue for the
preceding year as a guarantee of good faith
. . . ."

In Bowie County v. Farmer's Guaranty State Bank, 289 S.W.
451 (Tex.Civ.App. 1926, error ref.) it was held that the com-
missioners court was without authority to select a bank as
county depository whose bid was accompanied by a cashier's
check rather than a certified check.  In reaching this con-
clusion the court reasoned that the purpose of requiring a
certified check was to add the liability of someone other than
the bidder to secure the county for damages upon the failure
of the bidder to give bond as required by Article 2547.  A
cashier's check is drawn by a bank upon itself and binds no
one else.  Upon the authority of this case, you are advised
that the Commissioners Court of McLennan County is not autho-
rized to consider an application to be designated as county
depository which is accompanied by a cashier's check rather
than a certified check.

The selection of a county depository is a matter
which rests within the sound discretion of the commissioners
court; its decision in this respect is final and will not

be disturbed by the courts in the absence of gross abuse. Hurley v. Camp, 234 S.W. 577 (Tex.Civ.App. 1921, error refused); Hurley v. Citizens Nat. Bank, 229 S.W. 663 (Tex.Civ.App. 1921, no history); Citizens State Bank v. McCain, 274 S.W.2d 184 (Tex.Civ.App. 1954, no history). The commissioners court is not required to accept any of the applications filed; it may reject them all and readvertise for bids as authorized by Article 2545, or, under the authority of Article 2550, it may designate any one or more banks within the county or an adjoining county. Coffee v. Borger State Bank, 38 S.W.2d 187 (Tex.Civ.App. 1921, no history).

In Hurley v. Citizens Nat. Bank, supra, three banks submitted bids and the commissioners court selected the bank offering the lowest rate of interest rather than the highest. The decision of the commissioners court was upheld even though at that time Article 2546 stated that it was the duty of the court to select the application offering to pay the highest interest rate. In Coffee v. Borger State Bank, supra, two banks within the county submitted applications and one bank within an adjoining county submitted an application. The court there upheld the action of the commissioners court in selecting the application of the out of county bank.

The cases just cited and discussed clearly would sustain the selection of the National City Bank of Waco as the McLennan County depository if its application had been accompanied by a certified check rather than a cashier's check. Yet, the failure of the National City Bank of Waco and the Citizens National Bank of Waco to accompany their application with a certified check did not compel the commissioners court to designate the First National Bank of Waco as the county depository. Coffee v. Borger State Bank, 38 S.W.2d 187 (Tex.Civ.App. 1921, no history); Hurley v. Citizens Nat. Bank, 229 S.W. 663 (Tex.Civ.App. 1921, no history). There are no facts stated in your letter of request which would compel us to conclude that the commissioners court abused its discretion in allowing the applicants to perfect their applications by substituting a certified check for the cashier's check originally submitted. However, if either the requirement of Article 2545 that the application and certified check be delivered to the county judge on the day specified, or the requirement of Article 2546 that the selection of the county depository be made on the day there specified, be mandatory, then there was no room for the exercise of discretion and the designation of

the commissioners court must be held invalid. The answer to your second and third questions depends upon the mandatory nature of the time requirement of Articles 2545 and 2546.

While the provisions of Article 2545 state that the application, statement and certified check are to be delivered to the county judge on or before the first day of the term at which the selection of the depositories is to be made and Article 2546 states that the applications are to be opened at ten o'clock A.M. of such day and a county depository selected, there is no declaration in these statutes that an application filed after such date may not be considered or that the selection of a depository made upon some other date would be void. To this extent these statutes are directory and not mandatory. The general rule in construing statutes of this nature is stated in Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932) at 52 S.W.2d 61:

> "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purpose of the statute."

The purpose of the procedures prescribed by the statutes relating to the selection of a county depository is to secure to the county a safe, responsible depository for its funds with a return of interest for the use thereof. Time is not of the essence in the accomplishment of these ends; therefore, they should not be sacrificed to the strict compliance with the time requirements of these statutes.

In Kopecky v. City of Yoakum, 35 S.W.2d 492 (Tex. Civ.App. 1931) affirmed 52 S.W.2d 240 (Tex.Comm.App. 1932) it was contended that the designation of a city depository was void because the designation was made during the month of June instead of July as required by Article 2559 and the notice of intention was given by letter rather than publication. In upholding the designation of the city depository the court there stated at 35 S.W.2d 498:

> "Article 2559 provides no penalty and imposes
> no forfeiture in case of a non-compliance with its
> literal provisions. There is no declaration in the
> act that, if the designation of a depository is
> made at a time other than at a regular meeting in
> July of each year, as stated in the act, such
> designation should be void. . . ./T/he provisions
> of the statute declaring. . .the time for making
> such designation. . .is directory only and not
> mandatory. . . ./W/hen a formality is not abso-
> lutely necessary for the observance of justice,
> but, is introduced to facilitate its observance,
> its omission, unless there is an annulling clause
> in the law, will not annul the act."

The statutes there under consideration are analogous to those pertaining to the designation of a county depository; the statements of the court in that case apply with equal force to the nature of the requirements of Articles 2545 and 2546 relating to the time within which the acts specified therein are to be performed.

In our opinion, it was within the discretion of the Commissioners Court of McLennan County to allow the Citizens National Bank of Waco and the National City Bank of Waco to replace the cashier's check which accompanied their respective applications with a certified check, even though the certified check was not delivered on the first day of the term at which a county depository was to be selected. It was also within their discretion to defer the selection of the depository to a day other than the first day of the February term.

There are no facts in your letter of request which show that the Commissioners Court of McLennan County abused its discretion in allowing the substitution of the checks in question or in selecting a depository on a day other than that specified by Article 2546; therefore, in answer to your second and third questions, you are advised that, under the facts presented, the commissioners court could, in the exercise of its discretion, consider the applications of all four banks and select the National City Bank of Waco as the county depository.

## S U M-M A R Y

An application for a county depository contract may not be considered when it is accompanied by a cashier's check rather than a certified check as required by Article 2545, V.C.S. However, since the times within which the acts specified in Article 2545, V.C.S., and Article 2546, V.C.S., are to be performed are not mandatory, in the absence of facts which constitute an abuse of discretion, it is within the discretion of the commissioners court to allow an applicant to replace a cashier's check with a certified check after the first day of the February term of court and award the county depository contract to such applicant.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General
WOS:sck

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
R. L. Lattimore
John Reeves
John Banks
Ralph Rash
Gordon Cass

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.