

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 5, 1971

Hon. Ward W. Markley                    Opinion No. M-'802
County Attorney
Jasper County Courthouse                Re: Selection  of a depository
Jasper, Texas  75951                        for county funds.

Dear Mr. Markley:

Your request for an opinion asks the following two
questions:

First:

"I respectfully request an opinion on
whether or not the Commissioners' Court can
further consider the designation of a County
Depository at a special meeting after a De-
pository was selected at the regular meeting
in February, and on that same date the regular
meeting was adjourned."

Second:

Whether Item 2 of the bid of the First
State Bank of Jasper invalidated the bid of
that bank.

You state in your request that the Commissioners Court
at its regular meeting on February 8, 1971, opened bids for
designation of a county depository and that two bids were received.
After a discussion, a motion was made, seconded, and adopted to
accept the bid of the First State Bank of Jasper, and the regular
meeting was adjourned.  Subsequently, the Commissioners Court called
a special meeting for the purpose of reconsidering the bids and
notice was issued of this meeting.

Articles 2544, 2545 and 2546, Vernon's Civil Statutes,
provide in part:

"Art. 2544.  The Commissioners Court of
each county is hereby authorized and required
at the February Regular Term thereof next

-3894-

following each general election to enter into
a contract with any banking corporation, associa-
tion or individual banker in such county for the
depositing of the public funds of such county in
such bank or banks.  Notice that such contracts
will be made by the Commissioners Court shall be
published by and over the name of the County
Judge, once each week for at least twenty (20)
days before the commencement of such term in
some newspaper published in said county; . . .

"Art. 2545.  Any banking corporation, associa-
tion or individual banker in such county desiring
to be designated as county depository shall make
and deliver to the County Judge an application ap-
plying for such funds and said application shall
state the amount of paid up capital stock and
permanent surplus of said bank and there shall
be furnished with said application a statement
showing the financial condition of said bank
at the date of said application which shall be
delivered to the County Judge on or before the
first day of the term of the Commissioners Court
at which the selection of the depositories is to
be made . . .

"Art. 2546.  It shall be the duty of the Com-
missioners Court at ten o'clock a.m. on the first
day of each term at which banks are to be selected
as county depositories, to consider all applications
filed with the County Judge, cause such applications
to be entered upon the minutes of the Court and to
select those applicants that are acceptable and who
offer the most favorable terms and conditions for
the handling of such funds and having power to reject
those whose management or condition, in the opinion
of the Court, does not warrant placing of county
funds in their possession. . ."

The statutes above quoted grant to the commissioners
court the authority to select county depositories and specifies
the procedures and prerequisites to such selection.  Attorney
General's Opinions M-107 (1967), O-3832 (1941), O-4451 (1942),
V-1166 (1951), WW-33 (1957) and M-33 (1967).  Bowie County v.
Farmers Guaranty State Bank, 289 S.W. 451 (Tex.Civ.App. 1926,

error ref.); Hurley v. Citizens National Bank, 229 S.W. 663 (Tex.Civ.App. 1921, n.w.h.); Coffee v. Borger State Bank, 38 S.W.2d 187 (Tex.Civ.App. 1921, n.w.h.).

In Attorney General's Opinion M-33, supra, it was held:

"The purpose of the procedures prescribed by the statutes relating to the selection of a county depository is to secure to the county a safe, responsible depository for its funds with a return of interest for the use thereof. Time is not of the essence in the accomplishment of these ends; therefore, they should not be sacrificed to the strict compliance with the time requirements of these statutes."

It was further held that it was within the discretion of the commissioners court to defer the selection of the depository to a day other than the first day of the February Term.

In Kopecky v. City of Yoakum, 35 S.W.2d 492 (Tex.Civ. App. 1931) aff'd 52 S.W.2d 240 (Tex.Comm.App. 1932), it was contended that the designation of a city depository was void because the designation was made during the month of June instead of July as required by Article 2559, and the notice of intention was given by letter rather than publication. In upholding the designation of the city depository the court there stated at 35 S.W.2d 498:

"Article 2559 provides no penalty and imposes no forfeiture in case of a non-compliance with its literal provisions. There is no declaration in the act that, if the designation of a depository is made at a time other than at a regular meeting in July of each year, as stated in the act, such designation should be void. . . . (T)he provisions of the statute declaring . . . the time for making such designation . . . is directory only and not mandatory . . . . (W)hen a formality is not absolutely necessary for the observance of justice, but, is introduced to facilitate its observance, its omission, unless there is an annulling clause in the law, will not annul the act."

It was held in Attorney General's Opinion Number O-3837 (1941) that a contract between the bank and the county constituting the selection of a depository cannot be terminated at will by either party to the contract; therefore the bank selected as a depository remains the county depository during the term of the contract.

In Attorney General's Opinion V-1166 (1951), it was concluded that,

"In selecting a depository for county funds, the commissioners' court may exercise its discretion in determining which applicants 'offer the most favorable terms and conditions for the handling of such funds,' and its action is not subject to review unless an abuse of discretion is shown . . . ."

In Attorney General's Opinion WW-33, the following ruling was made:

"The County Commissioners' Court may lawfully consider and accept the application of a Bank as a County Depository where the application did not contain a statement showing the financial condition of the bank but the President orally supplied such information and subsequently submitted it in proper written form on the date the applications were opened and considered by the Court."

In Citizens State Bank of Roby v. McCain, 274 S.W.2d 184 (Tex.Civ.App. 1955), it was held that where there was no approval by the commissioners court of securities furnished by a bank followed by an order designating the bank as county depository, there was no final designation or selection of the bank as the county depository.  See also Linz v. Eastland County, 39 S.W.2d 599 (Tex. Comm. App. 1931).

In view of the foregoing, you are advised that if the commissioners court has made a selection of a bank as county depository and has approved securities furnished by the bank, such

selection may not be retracted by the commissioners court. On the other hand, if the commissioners court has not approved securities furnished by the bank, the selection on February 8, 1971, is not final and the commissioners court may postpone the selection of a depository until the date set by the court for the purpose of reconsidering the bids in question. In the event the commissioners court did not make a final selection on February 8, 1971, then you are advised that it is within the discretion of the commissioners court to determine which applicant offers the most favorable terms and conditions for handling county funds.

In answer to your question concerning the validity of the bids submitted by the two banks making application, it is our opinion that both the bids of the First State Bank of Jasper, Texas, and the First National Bank of Jasper, Texas, are valid applications for depository for Jasper County funds for the biennium 1971-72. The legal notice given by the commissioners court stated.

"In awarding the contract the Commissioners' Court will consider the rate of interest the county will receive on all accounts other than checking accounts and the amount of interest the county will be charged on any short term obligations the county may wish to incur. Also any additional services offered by the bank will be considered."

Both applications state the rates of interest each bank agrees to pay on time deposits. In addition, each bid furnishes additional information concerning the amount of interest the county will be charged on obligations the county may wish to incur. Neither bid, however, states in the application the amount of paid up capital stock and permanent surplus of the bank, nor does the application contain a statement of the financial conditions of the bank at the date of said application, all of which is required in Article 2545. However, since no question is raised on this matter, we assume that such information was furnished the commissioners court by some other instrument. In any event, such information may be supplied orally and subsequently submitted in proper written form. Attorney General's Opinion WW-33 (1957).

The only question raised concerning the validity of the applications relates to Item 2 of the application by the First State Bank of Jasper, Texas. Item 2 reads as follows:

"2. In the event the County finds it necessary to borrow funds, we agree to purchase your lawfully issued General Obligation Time Warrants at an interest rate according to the following schedule in a total amount up to $125,000.00 and maturities not to exceed 5 years from date of issue:

"For Time Warrants which mature during the
life of this contract:   a total charge for interest
of 1 penny per Warrant.

"For Time Warrants which mature at a date
beyond the maturity of this contract:   so long as
The First State Bank, Jasper, Texas, remains as
the exclusive Depository of all County funds,
under this contract or subsequent contracts, a
total charge for interest of 1 penny per Warrant
will be made; should The First State Bank, Jasper,
Texas, not remain as the exclusive Depository of
all County funds, then interest will be charged
only from the date which the exclusive Depository
Agreement is terminated to maturity of the Warrant
at a simple interest rate of 1.94% per annum."

It is seen that Item 2 above quoted is merely informa-
tion as to the amount of interest which will be charged the county
in the event it issues General Obligation Time Warrants.  There-
fore, Item 2 constitutes part of the information requested in the
legal notice quoted.  This office concluded in Attorney General's
Opinion V-1166 (1951) as follows:

"In selecting a depository for county funds,
the commissioners' court may exercise its discretion
in determining which applicants 'offer the most
favorable terms and conditions for the handling of
such funds,' and its action is not subject to re-
view unless an abuse of discretion is shown."

## S U M M A R Y

The two bids involved in your request are
valid applications for the county depository and
it was within the discretion of the commissioners
court to determine which applicant offers the most
favorable terms and conditions for handling county
funds.

If the commissioners court has made a selec-
tion of a bank as county depository and the bank
has qualified, such selection may not be retracted
by the commissioners court.  If a depository
selection by the commissioners court is not

final, such selection may be postponed for the reason that such selection need not be made on the first day of the February Term of the Commissioners Court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
Gordon Cass
Roland Allen
Ben Harrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant